■ In the Matter of the Arbitration between JEFFERSON-LEWIS-HAMILTON-HERKIMER-ONEIDA COUNTIES BOARD OF COOPERATIVE SERVICES, Respondent, and JEFFERSON-LEWIS-HAMILTON-HERKIMER-ONEIDA BOCES PROFESSIONAL ASSOCIATION, Appellant. [689 NYS2d 813] —Order unanimously reversed on the law without costs, petition denied and cross

application granted. Memorandum: Petitioner is an employer participant in the Jefferson-Lewis School Employees Healthcare Plan (Plan) and respondent is the collective bargaining representative of petitioner's employees. The parties' collective bargaining agreement (CBA) provides that "any alleged violation of this agreement, or any dispute with respect to its meaning or application" is arbitrable. The CBA also contains provisions allocating the costs of health insurance premiums between petitioner and respondent's members. Effective January 1, 1997, the Plan doubled the amount of individual and family deductibles and made changes in the copayment cap and usual, customary and reasonable (UCR) allowances. Respondent filed a grievance alleging that the changes made by the Plan result in impermissible, unilateral increases in employee contributions and reductions in employee benefits, in violation of petitioner's obligations under the CBA. Petitioner denied the grievance and respondent filed a demand for arbitration. Petitioner then commenced the instant proceeding seeking to stay arbitration, and respondent made a cross application to compel arbitration.

Supreme Court erred in granting the petition to stay arbitration and denying the cross application to compel arbitration. In view of the parties' broad arbitration agreement and the provisions relating to health insurance benefits, we conclude that the alleged violation of the CBA resulting from changes in health insurance deductibles, copayments and UCR allowances presents an arbitrable issue (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132). The fact that the Plan, a nonparty, made those changes does not alter our conclusion (*see, Matter of Board of Educ. [Watertown Educ. Assn.], supra*). Whether petitioner possesses authority or control over the amount or type of health insurance benefits provided by the Plan, "and whether [petitioner] violated the CBA with regard to maintaining a certain level of benefits, is for the arbitrator" (*Matter of Board of Educ. [Watertown Educ. Assn.], supra*, at 144). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.