■ In the Matter of BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v LOCAL 891, INTERNATIONAL UNION OF OPERATING ENGINEERS, Appellant. [705 NYS2d 29] —Judgment, Supreme Court, New York County (William Davis, J.), entered February 8, 1999, which granted the petition pursuant to CPLR article 75 for a permanent stay of an expedited interest arbitration, unanimously affirmed, without costs.

The IAS Court properly found that the provision in the parties' 1987-1990 Memorandum of Understanding upon which appellant premises its claim of entitlement to expedited interest arbitration was superseded by subsequent agreements between the parties. Pursuant to those subsequent agreements, disputes between the parties over economic concerns such as the presently disputed requirement, promulgated by petitioner in 1997, that public school custodians purchase certain supplies with funds specially allocated by petitioner, were to be resolved through procedures set forth in the parties' collective bargaining agreement, which makes no mention of expedited interest arbitration. Contrary to appellant's argument, the conclusion that there was no agreement between the parties requiring expedited interest arbitration of the subject dispute is in no way inconsistent with *Matter of Board of Educ. (Watertown Educ. Assn.)* (93 NY2d 132). That decision did not alter the fundamental precepts regarding interpretation of arbitration clauses or establish a presumption in favor of arbitration, but held only that there were henceforth to be no presumptions against public sector arbitration and, accordingly, that the arbitrability of public sector disputes was to be determined "free of any presumptions" (*supra,* at 142). Plainly, the mere absence of any presumption against arbitration does not require arbitration where, as here, there exists no agreement expressly, directly and unequivocally requiring arbitration of the disputed matter (*see, Gangel v DeGroot*, 41 NY2d 840, 841).

Finally, the IAS Court properly granted the petition to stay arbitration without a hearing since there were no substantial issues raised as to "whether a valid agreement was made" (CPLR 7503 [a]). Concur—Sullivan, P. J., Rosenberger, Mazzarelli and Andrias, JJ.