■ In the Matter of the Arbitration between RICHFIELD SPRINGS CENTRAL SCHOOL DISTRICT, Respondent, and TRACY ALLEN, as President of the Richfield Springs Faculty Association, Appellant. [705 NYS2d 709] —Spain, J. Appeal from an order and judgment of the Supreme Court (Ingraham, J.), entered July 30, 1998 in Otsego County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

The Richfield Springs Faculty Association (hereinafter the Association) is the bargaining representative for teachers and certain other employees of petitioner. The Association and petitioner are parties to a collective bargaining agreement (hereinafter the Agreement) that includes a grievance procedure for the resolution of disputes. In January 1998, the Association filed a grievance protesting a change in the comprehensive health plan covering Association members, known as "The Herkimer County BOCES Health Insurance Plan" (hereinafter the BOCES Plan). The BOCES Plan, established under General Municipal Law §§ 92-a and 119-*o* and governed by its Board of Directors, provides its members such as petitioner with health insurance benefits for their employees.

The Association's grievance concerned its objection to a change in the company that administered the BOCES Plan prescription drug benefits, from Prescription Card Service, Inc. (hereinafter PCS) to Blue Cross/Blue Shield/Diversified Pharmaceutical Services, Inc. Anticipating that the coverage would be inferior, the Association demanded the reinstatement of PCS and reimbursement for any financial loss that might be incurred by its members. When petitioner refused, the Association demanded submission of its grievance to arbitration. Petitioner commenced this proceeding to stay arbitration on the ground that the dispute was not subject to the arbitration clause of the Agreement and the Association cross-moved for an order to compel arbitration.

Supreme Court initially ruled in favor of the Association, determining that the change of prescription drug plan carrier was subject to arbitration under the terms of the Agreement.

Upon reconsideration, however, Supreme Court issued an amended decision granting a permanent stay of arbitration on the ground that the Agreement did not bind petitioner to arbitrate disputes between the Association and a third party, i.e., the BOCES Plan. On the Association's appeal from Supreme Court's amended order and judgment we reverse, determining that the Association's grievance regarding the change in the carrier of the prescription drug plan covering its members is arbitrable.

It is settled law that grievances arising under public sector parties' collective bargaining agreements are subject to arbitration where both arbitration of the subject matter of the dispute is authorized by the Taylor Act (Civil Service Law art 14) and the parties clearly agreed by the terms of their contractual arbitration clause to refer their differences in the specific disputed area to arbitration (*see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513). Notably, the Court of Appeals recently recognized that a dispute regarding a reduction in employee health benefits falls within the permissible scope of grievances which public sector parties may submit to arbitration (*see, Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 143). Thus, under the first-step inquiry outlined in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (supra,* at 513), we conclude that the subject matter of the dispute herein is arbitrable under the Taylor Law, and turn to the second-step inquiry of whether the parties in fact agreed to arbitrate this particular grievance.

A review of article VIII of the parties' Agreement reveals that it specifically included "[p]rescription Drug coverage * * * provided by Prescription Card Services (PCS)" and set forth the applicable copayments. Significant to our analysis, the Agreement expressly provided that *"[a]ny change* in [insurance] plan or carrier shall be by mutual agreement of the parties" (emphasis supplied), and article III broadly defined a grievance as *"any alleged* violation of this agreement or *any* dispute with respect to its meaning or application" (emphasis supplied). It further provided that any unresolved grievances may be referred to arbitration. Here, there is no dispute that the specified carrier of the prescription drug plan—i.e., PCS— was changed without the Association's consent, constituting an "alleged violation" of the Agreement which the parties clearly and unequivocally agreed to arbitrate (*see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra,* at 514).

The fact that the claimed reduction in employee health benefits may have been effected by the Plan's Board of Directors—which is not a party to the Agreement—rather than by petitioner is not determinative of whether the grievance is arbitrable. In *Matter of Board of Educ. (Watertown Educ. Assn.)* (*supra*, at 143), the Court of Appeals ruled that in cases such as this, where the parties broadly agreed to arbitrate any alleged violation of their collective bargaining agreement or any dispute with respect to its meaning or application, and included language dealing specifically with health insurance benefits, a grievance concerning a claimed reduction in health insurance benefits is arbitrable (*see, Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida Counties Bd. of Coop. Servs. [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn.]*, 261 AD2d 880). The Court emphasized that in ascertaining whether the parties agreed to arbitrate the particular grievance, the courts should not consider whether it is tenable or meritorious, or undertake a penetrating analysis or interpretation of the substantive provisions or scope of the parties' agreement (*see, Matter of Board of Educ. [Watertown Educ. Assn.], supra*, at 143). Rather, the judicial inquiry is limited to "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [parties' agreement]" (*id.*, at 143; *see, Matter of Van Scoy [Holder]*, 265 AD2d 806).

Thus, *Matter of Board of Educ. (Watertown Educ. Assn.)* (*supra*)—which we note was decided after the ·amended trial decision herein—makes clear that the issues of who brought about the reduction in health insurance benefits (as between the nonparty Plan's governing board and petitioner), and whether petitioner violated the parties' Agreement, are for the arbitrator to resolve. Accordingly, we determine that the Association's grievance is arbitrable, and that petitioner's claims regarding the precise scope of the pertinent provisions of the parties' Agreement and the merits of the grievance are matters left for resolution by the arbitrator (*see, Matter of Greenburgh Eleven Union Free School Dist. [Greenburgh No. 11 Fedn. of Teachers]*, 266 AD2d 213).

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, petition to stay arbitration denied and cross motion to compel arbitration granted.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.