■ In the Matter of the Arbitration between ODESSA-MONTOUR CENTRAL SCHOOL DISTRICT, Respondent, and ODESSA-MONTOUR TEACHERS ASSOCIATION et al., Appellants. [706 NYS2d 771] —Carpinello, J. Appeal from an order of the Supreme Court (Castellino, J.), entered February 1, 1999 in Schuyler County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent Odessa-Montour Teachers Association (hereinafter respondent) are parties to a collective bargaining agreement which provides health insurance coverage for active and retiring employees under a plan administered by a third party. When Jerry Burris retired from petitioner in August 1991, he voluntarily terminated his individual health insurance coverage in favor of dependant coverage under his wife's policy, she also having been an employee of petitioner at the time. Seven years later, Burris' wife decided to take an unpaid leave of absence and Burris sought to "re-enroll" for individual coverage. The plan administrator denied the request on the ground that Burris had waived his right to individual coverage in favor of dependant coverage at the time of his retirement. Respondent seeks to pursue a grievance on Burris' behalf, charging that petitioner violated the parties' collective bargaining agreement by denying him the right to reenroll in the plan. Supreme Court granted petitioner's subsequent petition to stay arbitration, prompting this appeal.

Respondents claim that petitioner agreed to arbitrate the issue of a retiree's ability to change his or her health insurance enrollment and that, pursuant to the Court of Appeals' recent decision in *Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.)* (93 NY2d 132), reversal of Supreme Court's order staying arbitration is warranted. In *Watertown*, the Court of Appeals made clear that any implied "anti-arbitrational presumption" created by *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) "is no longer justified either in law, or in the public sector labor environment" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra,* at 142). The court left intact, however, the two-step inquiry set forth in *Liverpool* for determining whether and when a particular public sector grievance is subject to arbitration, namely, whether the Taylor Law authorizes arbitration of the particular subject matter and, if so, whether the parties agreed by the terms of their particular arbitration clause to refer such matter to arbitration (*see, id.,* at 137-138). Here, the parties do not dispute that the subject matter at issue is arbitrable under step one of the *Liverpool* inquiry; they do dispute, however, whether they agreed to arbitrate this issue under their collective bargaining agreement.

Respondents cite section 17.3 of the collective bargaining agreement (which allocates the costs of health insurance premiums between petitioner and retirees) and section 17.6 of the agreement (which references the health insurance administrative manual) to support their contention that the health plan administrator's decision to deny Burris reenrollment is indeed subject to arbitration. Respondents do not dispute, however, that the term "grievance" under article 32 of the collective bargaining agreement is narrowly defined as "a claim by *any teacher or group of teachers* that there is a violation, misinterpretation, or misapplication of this Agreement" (emphasis supplied) (*cf., id.* [collective bargaining agreement contained a broad arbitration clause, defining grievance as "any alleged violation of this Agreement, or any dispute with respect to its meaning or application"]; *Matter of Greenburgh Eleven Union Free School Dist. [Greenburgh No. 11 Fedn. of Teachers],* 266 AD2d 213, 214 [collective bargaining agreement contained a broad arbitration clause, defining grievance as " 'any violation * * * of this Agreement' "]; *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida Counties Bd. of Coop. Servs. [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn.],* 261 AD2d 880, 881 [collective bargaining agreement contained a broad arbitration clause, defining grievance

as " 'any alleged violation of this agreement, or any dispute with respect to its meaning or application' "]). Nor do they dispute that retirees are *not* included in the definition of "teacher" under the collective bargaining agreement (*cf., Matter of Spink [Williamson Faculty Assn.]*, 267 AD2d 972).

In light of the narrow arbitration clause in the collective bargaining agreement at issue and Burris' status as a seven-year retiree who voluntarily opted out of health insurance coverage at the time of retirement (*cf., Matter of County of Jefferson [Jefferson County Deputy Sheriff's Assn.]*, 265 AD2d 802 [allegation of retaliation covered under definition of grievance]), we agree with Supreme Court's ruling that the subject dispute is not subject to arbitration under the parties' collective bargaining agreement. As pronounced in *Watertown*, when confronted with a dispute about whether a particular grievance is outside a collective bargaining agreement, a court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [collective bargaining agreement]" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, *supra*, at 143). If none exists, the issue is not arbitrable as a matter of law (*see, id.*). In our view, no reasonable relationship exists between the subject matter of the instant dispute—a retiree's attempt to reenroll in a health insurance plan which he voluntarily opted out of seven years earlier—and the general subject matter of the collective bargaining agreement (*cf., Matter of Greenburgh Eleven Union Free School Dist. [Greenburgh No. 11 Fedn. of Teachers]*, *supra*). To the extent that respondents claim that the issue is arbitrable because the collective bargaining agreement authorizes respondent to submit a grievance if it "affects a group of teachers and appears to be associated with system-wide policies", we are unpersuaded.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.