■ In the Matter of STATE OF NEW YORK-UNIFIED COURT SYSTEM, Respondent, v DISTRICT COUNCIL 37, AFSCME, AFL-CIO, LOCAL 1070, Appellant. [770 NYS2d 623]—

Order and judgment (one paper), Supreme Court, New York County (Joan Madden, J.), entered May 15, 2002, which granted petitioner Unified Court System's (UCS) application to permanently stay arbitration demanded by respondent union on behalf of two probationary employees terminated by UCS, and denied the union's cross motion to compel arbitration, unanimously affirmed, without costs.

Arbitration was properly stayed on the ground that there is no reasonable relationship between UCS's termination of the probationary employees and UCS's alleged noncompliance with the performance evaluation system set out in section 7.3 (a) of the parties' collective bargaining agreement (*see Matter of Board of Educ. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). That section establishes a procedure for deciding whether UCS's employees, including probationers, are entitled to incremental and longevity salary increases, not whether a probationer should be permanently appointed. The latter decisionmaking is governed by section 25.22 of the Rules of the Chief Judge (22 NYCRR 25.22). As Supreme Court noted, it is particularly significant that the collective bargaining agreement provides a procedure for terminating permanent employees but is silent as to the termination procedure applicable to probationary employees (*see Matter of Uniform Firefighters of Cohoes v City of Cohoes*, 94 NY2d 686, 694-695 [2000]). We have considered the union's other arguments and find them unavailing. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.