■ John W. Barham, Respondent, v Suffolk County Community College et al., Appellants. [772 NYS2d 609]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 18, 2002, which denied their motion for summary judgment dismissing the complaint and, upon searching the record, granted summary judgment in favor of the plaintiff.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

In the fall of 1996 the plaintiff was in his fifth year as a probationary employee at Suffolk County Community College (hereinafter SCCC), and would be eligible for a continuing appointment upon entering his sixth year. On December 5, 1996, the SCCC Board of Trustees (hereinafter the Board) recommended that the plaintiff be granted a continuing appointment, effective at the start of the next academic year. The president of SCCC signed a letter dated December 5, 1996, indicating that the plaintiff would be granted such an appointment effective September 1, 1997. The plaintiff signed the letter on December 11, 1996, indicating that he accepted the appointment. In June of 1997 the Board eliminated the teaching and provost positions for which the plaintiff had applied and therefore rescinded his continuing appointment. The plaintiff then brought this action, inter alia, to recover damages for breach of contract.

The agreement signed by the plaintiff specifically stated that the continuing appointment would not be effective until a future date (*see Matter of Remus v Board of Educ. for Tonawanda City School Dist.,* 96 NY2d 271, 278 [2001]). Until the effective date of the appointment, the plaintiff remained a probationary employee who could be discharged at will. Therefore, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.