■ In the Matter of the Arbitration between POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE TROOPERS, INC., et

al., Appellants, and GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [794 NYS2d 477]—

Mugglin, J. Appeal from an order of the Supreme Court (Benza, J.), entered January 27, 2004 in Albany County, which denied petitioners' application pursuant to CPLR 7503 to compel arbitration between the parties.

Petitioner Police Benevolent Association of the New York State Troopers, Inc. (hereinafter PBA) is the collective bargaining agent for the commissioned and noncommissioned officers of respondent State Police. Respondent State of New York is, of course, the employer of the State Police, and respondent Governor's Office of Employee Relations (hereinafter GOER) is the Governor's agent for, among other things, negotiating, administering and implementing collective bargaining agreements. The PBA and the State entered into a collective bargaining agreement for the officers of the State Police covering the period from April 1991 through April 1995. Upon expiration, the parties negotiated to impasse and then resorted to the dispute resolution process contained in Civil Service Law § 209. An interest arbitration award settled compensation issues between the parties and the remaining issues were resolved through a memorandum of understanding which extended the terms of the collective bargaining agreement until March 1999. As the parties have been unable to reach a new agreement, the terms of the expired agreement remain in effect (see Civil Service Law § 209-a [1] [e]). Subsequently, public arbitration panels have issued separate awards for compensation, among which was a physical fitness incentive program which awards additional compensation in the form of bonuses, the amount of which is based on the officer's performance on the physical fitness test. Testing for physical fitness for the year 2002 was scheduled between June 25, 2002 and August 23, 2002.

State Police Sergeant Gary Segrue was on suspension from April 2002 through October 22, 2002. Nevertheless, he submitted an application to participate in the physical fitness incentive program. Having received no response to his application, Segrue again applied for participation in this program when his suspension ended, was tested in November 2002 and scored 83% on

the exam. Following denial of his application for the bonus for 2002, this grievance was filed. As the grievance was not resolved to his satisfaction, Segrue sought arbitration. GOER determined the grievance not to be arbitrable, prompting this CPLR article 75 proceeding by the PBA and its president to compel arbitration. Supreme Court denied the application to compel arbitration and dismissed the petition, prompting this appeal.

The parties' agreement that arbitration of this dispute would not violate any statutory, constitutional or public policy considerations obviates the necessity for making the normal first inquiry in this kind of case (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513-514 [1977]). If arbitration is not prohibited by the answer to the first inquiry, the second inquiry is whether the parties have agreed to arbitrate the particular issue (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]). Petitioners argue that the broad language in the arbitration clause in the collective bargaining agreement encompasses this dispute which arises out of the interest arbitration award. We disagree and affirm.

The collective bargaining agreement contains a four-step grievance procedure. In step one, all grievances are submitted to the zone commander. If the grievance has not been satisfactorily resolved, the grievant may, pursuant to step two, appeal to the troop or detail commander. If the result is still unsatisfactory, the agreement, as a third step, then differentiates between contractual grievances and noncontractual grievances. In the former, only the president of the PBA, or his or her designee, may take an appeal. In the latter, the grievant may proceed without the PBA.* Step four also differentiates between contract grievances and noncontract grievances. With respect to contract grievances the president of the PBA, or his or her designee, has the exclusive right to refer to arbitration "any unresolved contract grievance concerning the interpretation or application of any term of this agreement." Conversely, noncontract grievances unresolved at step three are appealed to GOER. As the collective bargaining agreement is silent on the subject of bonus payments for being physically fit, pursuant to the incentive program, the dispute does not involve a term or condition of the contract. Moreover, the 1999 memorandum of understanding which extended the collective bargaining agreement acknowledged that interest arbitration awards were not agreements as

---

* We note that, on consent, this grievance started at step three.

defined in the Civil Service Law (*see Matter of Police Benevolent Assn. of Southampton Town, Inc. [Town of Southampton]*, 33 PERB ¶ 4600, 4792 n 1 [2000]). As this dispute arises under the interest arbitration award and not the collective bargaining agreement, the parties have not agreed to arbitrate this dispute (*see Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.]*, 271 AD2d 931, 932-933 [2000]).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.