In the Matter of the Arbitration between CITY OF BINGHAMTON, Respondent, and BINGHAMTON FIREFIGHTERS, LOCAL 729, AFL-CIO, Appellant. [799 NYS2d 614]—

Rose, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered June 23, 2004 in Broome County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties, and (2) from the judgment entered thereon.

Petitioner and respondent were parties to a collective bargaining agreement covering 2002 through 2003 (hereinafter the 2002 CBA). When petitioner reduced the staffing level from 26 to 24 firefighters per weekday shift in 2003, respondent asserted that the reduction violated the 2002 CBA and filed a grievance. After petitioner denied the grievance, respondent filed a demand for contract arbitration. Petitioner then commenced this proceeding pursuant to CPLR 7503 to stay arbitration, alleging that the issue of staffing levels is not arbitrable. Supreme Court granted the petition and permanently stayed the arbitration, prompting this appeal by respondent.

The issue of whether a grievance arising out of a public sector collective bargaining agreement is subject to arbitration is determined using the two-prong test of (1) whether the Taylor Law (*see* Civil Service Law art 14) authorizes arbitration of the particular subject matter of the dispute and (2) whether the parties agreed in their collective bargaining agreement to submit disputes in this specific area to arbitration (*see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280 [2000]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]). When we examine the

second prong of this test in the context of a broad arbitration clause, we will "merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [collective bargaining agreement]" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]).

As to the first prong, it is clear that a public employer is permitted to voluntarily agree to submit controversies over staff size or minimum staffing levels to arbitration (*see Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers*, 40 NY2d 268, 274 [1976]; *Matter of Burke v Bowen*, 40 NY2d 264, 267 [1976]; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.]*, 37 NY2d 614, 616-617 [1975]).

As to the second prong, however, we share Supreme Court's view that there is no reasonable relationship between the parties' present dispute and the general subject matter of their collective bargaining agreement. Although respondent points out that the 2002 CBA includes a reference to "manpower standards" in the overtime pay provision of article 3 (C) (1), we find nothing that even implicitly requires petitioner to maintain any specific staffing level or describes how staffing levels are to be determined. The provision cited by respondent states only that if a firefighter is kept on duty to maintain a staffing level, then he or she "shall" be paid overtime. The 2002 CBA is otherwise silent as to staffing levels. In addition, the record indicates that while the parties did attempt to negotiate staffing levels in their prior collective bargaining agreement, no such provision was included in either that agreement or the 2002 CBA.

Absent an express and specific agreement between the parties evincing an intent to arbitrate disputes over staff size, petitioner's application to stay arbitration was properly granted (*see Matter of Board of Educ. of Port Jefferson Union Free School Dist. v Port Jefferson Teachers' Assn.*, 243 AD2d 468, 470 [1997], *lv denied* 91 NY2d 814 [1998]; *County of Rockland v Rockland County Unit of Rockland Community Coll. Fedn. of Teachers of N.Y. State United Teachers*, 125 AD2d 531, 532 [1986]).

Respondent's remaining contentions have been reviewed and found to be unpersuasive.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order and judgment are affirmed, without costs.