■ In the Matter of CHARLES F. MAHONEY II, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [814 NYS2d 365]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 1, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's request for reappointment to his teaching position with tenure.

In August 2000, petitioner was hired by the Hamburg Central School District as a physical education teacher. On April 1, 2003, during his third year of service, respondent Board of Education of the Hamburg Central School District granted petitioner tenure, effective September 1, 2003. Respondent Peter G. Roswell,

the Superintendent of Schools for the Hamburg Central School District, informed petitioner and asked him to accept the appointment. Petitioner accepted the appointment in May 2003. Thereafter, based on an investigation into complaints regarding petitioner's interactions with faculty, staff and students, the Board rescinded petitioner's grant of tenure on July 8, 2003. The following day, the Superintendent notified petitioner of the Board's action and stated that he would recommend that petitioner not be granted tenure. The Superintendent further indicated that the Board would review that recommendation on August 12, 2003.

Evidently, the Board delayed taking any action on August 12, 2003, but after settlement discussions failed, it terminated petitioner's employment on August 26, 2003. Respondent Commissioner of Education subsequently upheld the Board's rescission of its offer of tenure and petitioner's termination (*see* Education Law § 310). Following joinder of issue, Supreme Court dismissed this CPLR article 78 proceeding seeking to set aside the Commissioner's determination. Upon petitioner's appeal, we now affirm.

Petitioner asserts that when he accepted the tenure appointment in writing in May 2003, he became a tenured teacher and, therefore, could be terminated only after a hearing pursuant to Education Law § 3020-a. He relies upon *Matter of Weinbrown v Board of Educ. of Union Free School Dist. No. 15, Town of Hempstead* (28 NY2d 474 [1971]), in which the Court of Appeals held that Education Law § 3012 "does not forbid the offer of an appointment to tenure prior to the expiration of the probationary period and that the acceptance of the offer as well as the salary stated made the conferral of tenure herein effective" (*id.* at 476). He maintains that pursuant to *Weinbrown*, the offer of tenure was rendered effective and binding upon his acceptance, despite the future effective date. As the Commissioner asserts, however, *Weinbrown* is distinguishable from this case inasmuch as petitioner concedes that he was neither advised of nor accepted his prospective salary in writing.

More importantly, the Court of Appeals has recently clarified *Weinbrown*, explaining in *Matter of Remus v Board of Educ. for Tonawanda City School Dist.* (96 NY2d 271 [2001]) that "*Weinbrown* does not compel the conclusion that a [b]oard resolution grants tenure immediately even when the resolution specifically directs that tenure shall become effective on a later date" (*id.* at 278). Noting that the decision in *Weinbrown* does not specify whether the grant of tenure was effective on a future date, the Court "[d]ecid[ed] the issue not addressed in *Weinbrown*," hold-

ing "that a [b]oard resolution granting a probationary teacher tenure effective on a future date (one set either to coincide with the end of or to occur before the end of that teacher's probationary period) confers tenure upon the teacher only as of that specified future date" (*id.*). In our view, given the controlling Court of Appeals decision in *Remus*, the Commissioner rationally determined that the grant of tenure effective as of September 1, 2003—the end of the statutorily defined probation period (*see* Education Law § 3012)—was conditional and could be rescinded prior to the date that petitioner's tenured service was to begin (*see Barham v Suffolk County Community Coll.*, 5 AD3d 415, 416 [2004], *lv denied* 4 NY3d 701 [2004]).

Nor is there merit to petitioner's argument that he acquired tenure by estoppel, which may occur when a school district knowingly accepts a teacher's actual services after the probationary period has expired (*see Matter of Mugavin v Nyquist*, 48 AD2d 727, 728 [1975], *affd on mem below* 39 NY2d 1003 [1976]; *see also Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451 [1993]). Petitioner has not demonstrated that he performed any actual service for the Board after his probationary period ended.

Finally, we conclude that the Commissioner's determination that petitioner was properly terminated was also rational. "It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (*Matter of York v McGuire*, 63 NY2d 760, 761 [1984] [citations omitted]). Although petitioner speculates that he was terminated in retaliation for his expression of opposition to the mainstreaming of special needs children into physical education classes, he fails to come forward with any proof to support these conclusory allegations and, thus, Supreme Court properly dismissed the petition (*see James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown*, 37 NY2d 891, 892 [1975]; *Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown*, 34 NY2d 318, 322-323 [1974]).

Petitioner's remaining arguments are unpreserved or otherwise lacking in merit.

Peters, Carpinello and Lahtinen, JJ., concur; Mercure, J.P., not taking part. Ordered that the judgment is affirmed, without costs. [*See* 7 Misc 3d 1006(A), 2005 NY Slip Op 50472(U).]