*441 OPINION OF THE COURT
Larry M. Himelein, J.
Respondent became provisionally employed by Cattaraugus County as a development specialist on or about July 10, 2006. On March 27, 2007, he was appointed permanently to the position from an open-competitive eligibility list. On March 20, 2008, Thomas Livak, then the Director of the Cattaraugus County Planning Department, wrote respondent and informed him that his employment was being terminated on March 24, 2008.
The following day, the CSEA filed a grievance on respondent’s behalf. On March 28, 2008, Mr. Livak responded that the grievance procedure was inapplicable to respondent because he was a probationary employee and as such, was eligible only for an interview under the civil service rules. Respondent requested the interview, which was held on April 8, 2008.
Another meeting was held on April 15, 2008, at which the CSEA contended that respondent was entitled to a step 2 hearing under the collective bargaining agreement. The following day, the union wrote the county, indicated its disagreement with the county’s position and again requested the step 2 hearing. The county did not respond.
On June 5, 2008, the CSEA filed a CPLR 7503 (c) notice of intent to file a demand for arbitration. On June 26, 2008, the county filed a petition, pursuant to CPLR article 75, seeking to stay arbitration. On July 11, 2008, respondent commenced two proceedings: one under CPLR article 78 seeking a declaration that his termination was void and directing his reinstatement, and the other under CPLR 7503 (a) seeking to compel the county to proceed with arbitration. On August 14, 2008, respondent filed an answer to the county’s petition to stay arbitration and cross-moved to compel arbitration and dismiss the petition to stay arbitration. The county filed papers in opposition to the cross motion and included a copy of a decision by Judge Nenno in another case holding that a probationary employee is not eligible for arbitration under the collective bargaining agreement. In his final submission, respondent notes that Judge Nenno’s decision is dicta and the referenced case was resolved on different grounds. Since then, the county supplied a more recent decision by Judge Nenno that also holds that a probationary employee is not eligible for arbitration.
The general rule is that a probationary employee may be terminated at any time before the end of his or her probation *442 arv period for any reason but a constitutionally impermissible one (Matter of Swinton v Safir, 93 NY2d 758 [1999]; Matter of Talamo v Murphy, 38 NY2d 637 [1976]; Matter of Carroll v New York State Canal Corp., 51 AD3d 1389 [2008]; Matter of Burgin v Keane, 19 AD3d 1127 [2005]; Matter of Taylor v State Univ. of N.Y., 13 AD3d 1149 [2004]).
Respondent, however, argues that the collective bargaining agreement between the union and the county gives him the right to arbitrate his dismissal, notwithstanding his status as a probationary employee. Specifically, respondent contends that section 34.1 (b) of the contract, defining “grievance,” and section 34.2, which provides the procedure for resolving grievances, give even a probationary employee the right to utilize the grievance procedure.
“A grievance may be submitted to arbitration only where the parties agree to arbitrate that kind of dispute, and where it is lawful for them to do so” (Matter of City of Johnstown [Johns-town Police Benevolent Assn.], 99 NY2d 273, 278 [2002]). To determine whether a grievance is arbitrable, courts must apply the two-pronged test of Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (42 NY2d 509 [1977]) and Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.) (93 NY2d 132 [1999]).
The first part of this test is “whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance” (Johnstown, 99 NY2d at 278; Liverpool, 42 NY2d at 513). If arbitration is not prohibited, the court then examines the collective bargaining agreement to decide if the parties have agreed to arbitrate the specific dispute (id.; see also Watertown, 93 NY2d at 140).
In Matter of Cohoes City School Dist. v Cohoes Teachers Assn. (40 NY2d 774 [1976]), the Court held that a provision in a collective bargaining agreement by which a board of education relinquished its right to make tenure determinations of probationary teachers was void as against public policy. However, a board could limit or restrict its right to terminate a probationary appointment during the period of probation or agree to provide supplementary procedural steps (id.; see also Matter of Candor Cent. School Dist. [Candor Teachers Assn.], 42 NY2d 266 [1977]).
In Board of Educ., Mt. Sinai Union Free School Dist. v New York State United Teachers (51 NY2d 994 [1980]), the Court held that arbitrating the termination of a probationary part- *443 time teacher would violate no public policy. While reaffirming that a board of education cannot bargain away its authority to make tenure determinations, it could limit its right to terminate teachers during their probationary period (id.; see also Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.], 2 AD3d 1190 [2003], lv denied 2 NY3d 708 [2004]; but see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc. — Long Beach Unit, 8 NY3d 465 [2007] [contract providing greater rights to provisional employees void as against public policy and Civil Service Law]; Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807, 8 NY3d 513 [2007] [Civil Service Law § 80 prevailed over inconsistent provision in collective bargaining agreement]).
Thus, it appears that there is no statutory, constitutional, or public safety policy provision that would preclude arbitration of respondent’s discharge. Accordingly, we turn next to the second inquiry, which is “whether the authority to arbitrate was in fact exercised and the parties consented by the terms of their particular agreement to refer disputes in this specific area to arbitration” (Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, 95 NY2d 273, 280 [2000]; see also Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737], 29 AD3d 1129 [2006]; Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859 [2005]).
Respondent referenced a number of cases and contended at oral argument that the language of the contract here is even stronger in support of respondent’s contention that his discharge is arbitrable. However, the court sees nothing in article 13 of the contract that is relevant here. The only reference to the grievance procedure is in section 13.2 (c) which provides that a challenge to the employer’s judgment in the area of qualifications is subject to the grievance procedure. The article makes no reference to probationary employees.
Article 33 strikes the court as even less helpful to respondent because section 33.1 specifically limits its applicability to “an employee covered by this agreement who has successfully completed his/her probationary period” (emphasis supplied). Because article 33 defines the grievance and arbitration procedure to be followed in a disciplinary action, and the article is limited to a nonprobationary employee, the court disagrees with respondent’s reading of the contract.
*444 A review of the cases supports this conclusion. In City of Ithaca (29 AD3d 1129 [2006]), the contract provided that arbitration was available in a dispute involving the interpretation or application of any provision in the agreement. The same broad language was contained in the contracts at issue in Matter of City of Niagara Falls (Niagara Falls Police Club, Inc.) (52 AD3d 1327 [2008]); Matter of City of Elmira (Elmira Professional Firefighters’Assn., AFL-CIO, I.A.F.F.-Local 709) (34 AD3d 1075 [2006]); Matter of Dorme v Slingerland (41 AD3d 596 [2007]); Matter of County of Schenectady (Lainhart) (177 AD2d 826 [1991]); and Matter of Board of Educ. of Watertown City School Dist. (Watertown Educ. Assn.) (93 NY2d 132 [1999]). However, none of the cases involved probationary employees and none of them contained a specific clause in the contract limiting its application to nonprobationary employees.
The broad language referenced in these cases does not appear in the contract at issue here. The court believes the clear language of section 33.1, which limits the grievance procedure to employees who have successfully completed their probationary periods, controls this case and excludes probationary employees from the arbitration process. Further, the senior judge of this court has ruled on two occasions that probationary employees are not entitled to utilize the grievance procedure and stare decisis principles constrain this court. Moreover, the county points out that at least 19 other employees were let go prior to the expiration of their probationary terms, with no attempt to argue that they were entitled to grieve their termination, indicating that the parties have construed the discharge of a probationary employee as not subject to the grievance procedure.
Finally, contract language may preclude arbitration (see Matter of Barnes [Council 82, AFSCME], 94 NY2d 719 [2000]; Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686 [2000]; Matter of City of Binghamtom [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859 [2005] [“Absent an express and specific agreement between the parties evincing an intent to arbitrate disputes over staff size, petitioner’s application to stay arbitration was properly granted”]; Matter of Police Benevolent Assn, of N.Y. State Troopers, Inc. [Governor’s Off. of Empl. Relations], 17 AD3d 972 [2005] [alleged broad language did not permit arbitration of particular dispute]; Matter of State of New York-Unified Ct. Sys. v District Council 37 AFSCME AFL-CIO, Local 1070, 3 *445 AD3d 435 [2004]; Matter of Board of Educ. of City ofN.Y. v Local 891, Inti. Union of Operating Engrs., 270 AD2d 7 [2000]; Matter of Town of Hempstead v Civil Serv. Empls. Assn., 286 AD2d 401 [2001]). Here, the contract specifically limits arbitration to those who have completed a probationary period.
For all these reasons, the county’s petition to stay arbitration is granted. Respondent’s article 78 petition is dismissed. Respondent’s CPLR 7503 motion is denied as is his cross motion to compel arbitration and his cross motion to dismiss the petition to stay arbitration.