*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 26, 2016                    521502
_____

In the Matter of NORMAN WOODS
    et al.,
                    Appellants-
                    Respondents,

        v                              MEMORANDUM AND ORDER

STATE UNIVERSITY OF NEW YORK
    et al.,
                    Respondents-
                    Appellants.
_____


Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

                    _____


        Lippes Mathias Wexler Friedman LLP, Albany (Sarah M.
Coligan of counsel), for appellants-respondents.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondents-appellants.

                    _____


Lynch, J.

        Cross appeal from a judgment of the Supreme Court
(McNamara, J.), entered March 16, 2015 in Albany County, which,
in a proceeding pursuant to CPLR article 78 and 7503, among other
things, converted the proceeding into a proceeding pursuant to
CPLR 7511 to confirm an arbitration award.

        Petitioner Norman Woods began working as a security
services assistant 1 with respondent State University of New York
(hereinafter SUNY) in 2001.  In this capacity, he was a member of
a bargaining unit represented by petitioner New York State

Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA). In March 2013, Woods received a notice of discipline issued in accordance with the collective bargaining agreement (hereinafter CBA) negotiated by and between respondents and NYSCOPBA. In October 2013, following an arbitration held pursuant to the CBA, an arbitrator issued an award wherein he determined that Woods was guilty of four of the five asserted charges and imposed a penalty of a fine and, as relevant here, "a one (1) year probation period." In June 2014, on the same day that his supervisor issued Woods a negative "final" probationary evaluation, SUNY's director of human resources wrote to advise that Woods' "disciplinary probationary appointment" at SUNY was terminated. NYSCOPBA filed a grievance to challenge the June 2014 termination. In response, SUNY's director of employee relations wrote to NYSCOPBA to advise that Woods was not disciplined and "returned" the grievance. Petitioners commenced this proceeding seeking to compel arbitration pursuant to CPLR 7503, or, alternatively, to vacate and annul the termination pursuant to CPLR article 78. Supreme Court converted the proceeding to one seeking to confirm the award pursuant to CPLR 7511 and directed the parties to seek clarification of the October 2013 arbitration award. Both parties now appeal.

As a general rule, public policy favors the resolution of labor disputes through arbitration (see Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.], 65 NY2d 677, 678 [1985]). That is not to say that every dispute is arbitrable; rather, on a petition to compel arbitration, we consider "two distinct inquiries," first, whether arbitration of the issue is authorized by the Taylor Law and is permitted as a matter of public policy, and, second, whether the parties agreed in the CBA to submit the issue to arbitration (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 137-138 [1999]; see Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 355 [1980]).

Initially, we reject respondents' argument that Woods waived the right to pursue arbitration of the issue presented. Although such right may be waived (see Matter of Campbell [State of New York], 37 AD3d 993, 994 [2007]), here, Woods was not a party to a last chance agreement with a clear and unequivocal

waiver negotiated to resolve pending disciplinary charges.
Rather, we are faced with the dismissal of a probationary
employee with nearly 12 years of service in the bargaining unit
(compare id.).  There is no apparent question that, generally,
arbitration of an employee's dismissal from service with a public
employer is authorized by the Taylor Law and not against public
policy (see Matter of Franklin Cent. School [Franklin Teachers
Assn.], 51 NY2d at 355; Board of Educ., Mt. Sinai Union Free
School Dist. v New York State United Teachers, 51 NY2d 994, 996
[1980]).  Nor do respondents claim that the CBA includes an
arbitration clause that prohibits or limits an arbitrator's
authority to consider the issue.[1]  Instead, respondents contend
that by virtue of the October 2013 arbitration award, Woods was a
probationary employee, and the parties did not agree to arbitrate
issues regarding the termination of probationary employees.  The
issue presented is thus focused on the second "distinct
inquir[y]," and our role is to determine whether there is a
"reasonable relationship between the subject matter of the
dispute and the general subject matter of the CBA" (Matter of
Board of Educ. of Watertown City School District [Watertown Educ.
Assn.], 93 NY2d at 143).

Here, the CBA provides that "[d]iscipline shall be imposed
upon employees otherwise subject to the provisions of Sections 75
and 76 of the Civil Service Law only pursuant to this Article,
and the procedure and remedies herein provided shall apply in
lieu of the procedure and remedies prescribed by such sections of
the Civil Service Law which shall not apply to employees."
Further, it defines "discipline" as including "dismissal from
service" and provides that "[d]iscipline shall be imposed only
for just cause."  We are mindful that one of the referenced
statutes provides that certain employees in the classified civil

_____

[1]  The record before the Court includes only article 8  of
the CBA, the substantive provision applicable to discipline.  We
do not construe article 8 as limiting the arbitrator's authority
to interpret the CBA.  Rather, the provision evinces the parties'
intent to submit issues regarding discipline to arbitration
(compare Matter of City of Binghamton [Binghamton Firefighters,
Local 729, AFL-CIO], 20 AD3d 859, 860 [2005]).

service who have completed a probationary period of employment may not be disciplined "except for incompetency or misconduct shown after a hearing upon stated charges" (Civil Service Law § 75 [1]).  Contrary to respondents' interpretation, we do not find that the cited provision of the CBA unambiguously excludes Woods from its coverage.  Indeed, it can be read to wholly supplant the referenced provisions of the Civil Service Law and to require a demonstration of "just cause" to discipline any employee in the bargaining unit.  While the dissent has concluded that Woods was not disciplined, it is for an arbitrator to interpret and apply the CBA, and we do not have authority to consider the merits of the argument (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 142; Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO], 64 AD3d 859, 864 [2009]).  Since the CBA provision is ambiguous, an arbitrator must decide whether it governs Woods' dismissal from service, and Supreme Court should have granted the petition to compel arbitration (see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; Board of Educ., Mt. Sinai Union Free School Dist. v New York State United Teachers, 51 NY2d at 996; Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d at 355; Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni, 49 NY2d 311, 314-315 [1980]).  In light of this determination, we decline to consider the parties' remaining contentions.

        Peters, P.J., and Aarons, J., concur.


Rose, J. (dissenting).

        We respectfully dissent.  Here, we are not faced with a collective bargaining agreement (hereinafter CBA) containing a broad arbitration clause.  Instead, as the majority notes, the record before us includes only article 8 of the CBA, and the arbitration provided for therein is narrowly limited to disciplinary actions.  In considering the prescribed second-step question of "'whether the parties did agree by the terms of their

particular arbitration clause to refer their differences in this specific area to arbitration'" (<u>Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]</u>, 93 NY2d 132, 138 [1999], quoting <u>Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]</u>, 42 NY2d 509, 513 [1977]), we cannot agree that the termination of petitioner Norman Woods' probationary employment can reasonably be interpreted as a disciplinary action.

Woods was placed on probation as one of two penalties imposed for the charges of dereliction of his duties that were found to have been proven in his 2013 disciplinary proceeding. Prior to the end of his one-year probationary period, he was terminated as a result of a final probationary evaluation, which found that his job performance was unsatisfactory. He was not charged with misconduct, dereliction of his duties or other actions that would typically give rise to disciplinary action under article 8 of the CBA. Nonetheless, the majority finds an ambiguity as to whether Woods' termination was a disciplinary action. In our view, the majority reads too much into the term "disciplinary probation," a term that is not used in article 8 or in the original decision of the prior arbitrator imposing probation as a penalty.

When we confront this question of whether the parties agreed to arbitrate issues regarding the termination of probationary employees, the second-step inquiry requires us to "merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (<u>Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]</u>, 93 NY2d at 143; <u>see</u> <u>Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.]</u>, 271 AD2d 931, 932–933 [2000]). To warrant allowing an arbitrator to decide the issue here, there must be a reasonable relationship between Woods' termination from probation and some provision in article 8. If no such relationship exists, the issue is not arbitrable as a matter of law (<u>id.</u>).

Such a relationship cannot be based upon the term "disciplinary probation" because the subject matter of the dispute is not the imposition of the penalty of probation by the

prior arbitrator in 2013. Instead, petitioner is seeking arbitration of the termination of probation in June 2014 due to poor job performance. Further, the terms "probation" and "disciplinary probation" are not defined or listed anywhere in article 8 of the CBA, termination while on probation is not included as a disciplinary action and article 8 does not even mention placement on probation as a disciplinary penalty. To the extent that the majority finds ambiguity in the language of section 8.1 of article 8, which describes the employees upon whom discipline shall be imposed, that ambiguity would only be relevant if termination from probation were a disciplinary action. Reasoning based on that ambiguity merely assumes its conclusion. In any event, it seems clear enough to us that the employees referred to in section 8.1, and to whom article 8 applies, are limited to those who are "otherwise subject" to Civil Service Law §§ 75 and 76. Those sections describe only employees who have completed a probationary period of employment. Inasmuch as Woods did not complete probation, article 8 does not apply to him. Although probation was a penalty imposed on Woods by the prior arbitrator for his prior conduct, there is nothing in article 8 that distinguishes the subsequent termination of his probation from termination of probation imposed in other circumstances, such as with a new hire, promotion or transfer (see 4 NYCRR 4.5 [a]).

There is yet another basis for rejecting as unreasonable any interpretation that would find termination at the end of Woods' probationary period to be a disciplinary action. The main consequence of an employee being on probation is that he or she "may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (Matter of York v McGuire, 63 NY2d 760, 761 [1984]; see Matter of Campbell [State of New York], 37 AD3d 993, 995 [2007]; Matter of Mahoney v Mills, 29 AD3d 1043, 1045 [2006], lv denied 7 NY3d 708 [2006]; see also 4 NYCRR 4.5 [a]). If the termination of Woods' probation were to be viewed as invoking the protections of article 8, then the prior arbitrator would have imposed no penalty upon Woods because he still would have the same rights to have his grievance arbitrated and his conduct judged by article 8's "just cause" standard.

Thus, the interpretation that the majority suggests would effectively render the prior disciplinary penalty of probation to be meaningless.  In the absence of express and specific language in article 8 of the CBA evincing an intent to consider termination of a probationary employee to be a disciplinary action (see Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859, 860 [2005]), we would find no reasonable relationship between Woods' circumstances and the general subject matter of article 8 (see Matter of Board of Educ. of the Rondout Val. Cent. Sch. Dist. [Rondout Val. Fedn. of Teachers], 101 AD3d 1446, 1448 [2012], lv denied 22 NY3d 853 [2013]; Matter of Massena Cent. School Dist. [Massena Confederated School Employees' Assn., NYSUT, AFL-CIO], 82 AD3d 1312, 1315-1316 [2011]; Matter of Police Benevolent Assn. of N.Y. State Troopers, Inc. [Governor's Off. of Empl. Relations], 17 AD3d 972, 974 [2005]; Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.], 271 AD2d at 932–933; see also Matter of Sherwood [Kirkpatrick], 108 AD3d 979, 980 [2013]).

Lahtinen, J., concurs.

ORDERED that the judgment is reversed, on the law, without costs, and petition to compel arbitration granted.

ENTER:

Robert D. Mayberger
Clerk of the Court