Rose, J.
(dissenting).We respectfully dissent. Here, we are not faced with a collective bargaining agreement (hereinafter CBA) containing a broad arbitration clause. Instead, as the majority notes, the record before us includes only article 8 of the CBA, and the arbitration provided for therein is narrowly limited to disciplinary actions. In considering the prescribed second-step question of “ ‘whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration’ ” (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 138 [1999], quoting Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513 [1977]), we cannot agree that the termination of petitioner Norman Woods’ probationary employment can reasonably be interpreted as a disciplinary action.
Woods was placed on probation as one of two penalties imposed for the charges of dereliction of his duties that were found to have been proven in his 2013 disciplinary proceeding. Prior to the end of his one-year probationary period, he was terminated as a result of a final probationary evaluation, which found that his job performance was unsatisfactory. He was not charged with misconduct, dereliction of his duties or other actions that would typically give rise to disciplinary action under article 8 of the CBA. Nonetheless, the majority finds an ambiguity as to whether Woods’ termination was a disciplinary action. In our view, the majority reads too much into the term “disciplinary probation,” a term that is not used in article 8 or in the original decision of the prior arbitrator imposing probation as a penalty.
When we confront this question of whether the parties agreed to arbitrate issues regarding the termination of probationary employees, the second-step inquiry requires us to “merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA” (Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d at 143; see Mat *1326 ter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.], 271 AD2d 931, 932-933 [2000]). To warrant allowing an arbitrator to decide the issue here, there must be a reasonable relationship between Woods’ termination from probation and some provision in article 8. If no such relationship exists, the issue is not arbitrable as a matter of law (id.).
Such a relationship cannot be based upon the term “disciplinary probation” because the subject matter of the dispute is not the imposition of the penalty of probation by the prior arbitrator in 2013. Instead, petitioner is seeking arbitration of the termination of probation in June 2014 due to poor job performance. Further, the terms “probation” and “disciplinary probation” are not defined or listed anywhere in article 8 of the CBA, termination while on probation is not included as a disciplinary action and article 8 does not even mention placement on probation as a disciplinary penalty. To the extent that the majority finds ambiguity in the language of section 8.1 of article 8, which describes the employees upon whom discipline shall be imposed, that ambiguity would only be relevant if termination from probation were a disciplinary action. Reasoning based on that ambiguity merely assumes its conclusion. In any event, it seems clear enough to us that the employees referred to in section 8.1, and to whom article 8 applies, are limited to those who are “otherwise subject” to Civil Service Law §§75 and 76. Those sections describe only employees who have completed a probationary period of employment. Inasmuch as Woods did not complete probation, article 8 does not apply to him. Although probation was a penalty imposed on Woods by the prior arbitrator for his prior conduct, there is nothing in article 8 that distinguishes the subsequent termination of his probation from termination of probation imposed in other circumstances, such as with a new hire, promotion or transfer (see 4 NYCRR 4.5 [a]).
There is yet another basis for rejecting as unreasonable any interpretation that would find termination at the end of Woods’ probationary period to be a disciplinary action. The main consequence of an employee being on probation is that he or she “may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law” (Matter of York v McGuire, 63 NY2d 760, 761 [1984]; see Matter of Campbell [State of New York], 37 AD3d 993, 995 [2007]; Matter of *1327 Mahoney v Mills, 29 AD3d 1043, 1045 [2006], lv denied 7 NY3d 708 [2006]; see also 4 NYCRR 4.5 [a]). If the termination of Woods’ probation were to be viewed as invoking the protections of article 8, then the prior arbitrator would have imposed no penalty upon Woods because he still would have the same rights to have his grievance arbitrated and his conduct judged by article 8’s “just cause” standard. Thus, the interpretation that the majority suggests would effectively render the prior disciplinary penalty of probation to be meaningless. In the absence of express and specific language in article 8 of the CBA evincing an intent to consider termination of a probationary employee to be a disciplinary action (see Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859, 860 [2005]), we would find no reasonable relationship between Woods’ circumstances and the general subject matter of article 8 (see Matter of Board of Educ. of the Rondout Val. Cent. Sch. Dist. [Rondout Val. Fedn. of Teachers], 101 AD3d 1446, 1448 [2012], lv denied 22 NY3d 853 [2013]; Matter of Massena Cent. School Dist. [Massena Confederated School Employees’ Assn., NYSUT, AFL-CIO], 82 AD3d 1312, 1315-1316 [2011]; Matter of Police Benevolent Assn. of N.Y. State Troopers, Inc. [Governor’s Off. of Empl. Relations], 17 AD3d 972, 974 [2005]; Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.], 271 AD2d at 932-933; see also Matter of Sherwood [Kirkpatrick], 108 AD3d 979, 980 [2013]).
Lahtinen, J., concurs.
Ordered that the judgment is reversed, on the law, without costs, and petition to compel arbitration granted.