In the Matter of the Arbitration between CORINTH CENTRAL SCHOOL DISTRICT, Appellant, and CORINTH TEACHERS ASSOCIATION et al., Respondents.

Third Department, December 4, 1980

APPEARANCES OF COUNSEL

*Caffry, Pontiff, Stewart, Rhodes & Judge (H. Wayne Judge* and *Marti Anne Ellermann* of counsel), for appellant.

*Bernard F. Ashe (Kevin H. Harren* of counsel), for respondents.

OPINION OF THE COURT

SWEENEY, J.

Petitioner, a public school district, entered into a three-

year collective bargaining agreement, effective July 1, 1978, with respondent, the agent for all petitioner's professional personnel except school administrators. On April 3, 1979, petitioner passed a resolution which provided that the school district would no longer pay any portion of the health insurance for retired employees. This action precipitated the filing of a grievance by respondent with petitioner, contending that the resolution violated the collective bargaining agreement and contravened the past practices in the district. After the initial stages of the grievance procedure failed to resolve the dispute, respondent demanded arbitration, the final stage of the collective bargaining agreement's grievance procedure. Thereafter, petitioner instituted the present proceeding seeking a permanent stay of arbitration. Special Term denied the application and this appeal ensued.

■ In order to decide the question of arbitrability, a two-tiered analysis is used requiring first, a determination as to whether arbitration of the dispute is permissible under the Taylor Law (Civil Service Law, art 14), and second, a determination as to whether the parties agreed by the terms of the arbitration clause to refer their differences in this specific area to arbitration *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). Regarding the initial determination, petitioner contends that subdivision 4 of section 201 of the Civil Service Law prohibits arbitration of the present dispute. This subdivision precludes negotiation in collective bargaining of "any benefits provided by or to be provided by a public retirement system, or payments to a fund or insurer to provide an income for retirees, or payment to retirees or their beneficiaries."

■ We are of the view that Special Term properly determined that petitioner was not prohibited from negotiating health insurance benefits for retired employees. While subdivision 4 of section 201 of the Civil Service Law prohibits negotiation of certain retirement benefits, the Court of Appeals recently concluded that hospitalization insurance benefits for families of current employees who die after retirement are not prohibited subjects of collective bargaining in the public sector *(Matter of Incorporated Vil. of*

*Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398). Although the instant subject matter is not precisely the same, there is a striking similarity and in light of the language of the Court of Appeals in the *Lynbrook* case, we believe arbitration of the dispute is permissible under the Taylor Law (see *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra,* p 406).

Having decided that the first requirement has been met, we now pass to the second tier of the *Liverpool* test. In arguing that the parties herein did not agree to refer the present issue to arbitration, petitioner initially urges that respondent does not represent retirees. Article 1 of the agreement defines employees and to determine whether respondent represents retirees requires an interpretation of this article. The arbitration clause in question provides for the arbitration of grievances which are defined as "any alleged violation of this agreement or any dispute concerning its meaning or application". This language indicates a broad arbitration clause and the agreement, in our view, should be construed as referring the matter presently in controversy to arbitration (see *Mineola Union Free School Dist. v Mineola Teachers Assn.*, 46 NY2d 568).

Petitioner also contends that the agreement nowhere mentions the payment of health insurance benefits to retirees and, therefore, there was no agreement to refer the present dispute to arbitration. Respondent, however, has alleged that petitioner violated article 33 of the agreement and the long-standing past practice of providing payment of health insurance premiums for retirees. Article 33 provides, *inter alia,* for the payment of Blue Cross and Blue Shield premiums for all teachers and enumerates the amounts to be paid by petitioner in various categories including family, two persons, individuals and over 65. In construing the agreement, past practices may also be taken into consideration by the arbitrator *(Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). Considering that the grievance at issue requires interpretation of substantive provisions of the agreement, and in view of the broad arbitration clause in the agreement, we conclude

that petitioner's argument is unpersuasive and the matter should proceed to arbitration (see *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.*, 48 NY2d 669). Any uncertainty concerning the substantive rights and obligations of these parties requires resolution by the arbitrator and not the courts *(Matter of Board of Educ. v Deer Park Teachers Assn.*, 50 NY2d 1011). Consequently, Special Term did not err in finding that the parties did agree to refer the present dispute to arbitration and, therefore, petitioner's application for a stay was properly denied.

The order and judgment should be affirmed, without costs.

MAHONEY, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Order and judgment affirmed, without costs.