■ CLARA ZELL, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. — In an action to recover a widow's death benefit pursuant to a provision of the collective bargaining agreement existing between defendant, the decedent's employer, and the International Union of Operating Engineers, AFL-CIO, Local 891, defendant appeals from an order of the Supreme Court, Kings County (Composto, J.), dated August 26, 1981, that denied its motion for summary judgment and granted plaintiff's cross motion to dismiss the four defenses interposed in the answer. Order reversed, on the law, with $50 costs and disbursements, defendant's motion for summary judgment dismissing the complaint is granted, and the cross motion is denied. Plaintiff's remedy lies in the grievance procedure set forth in the contract between her deceased husband's union and his employer. Plaintiff, the widow of a public school custodian, commenced this action upon defendant's implicit refusal to pay to her a death benefit of $25,000 which she claimed pursuant to article 16 of the collective bargaining agreement between defendant and the union of which decedent was a member. Defendant moved for summary judgment on the ground that plaintiff was

required to proceed under article 15 of the agreement, which provided a grievance procedure. A grievance is defined in the article to mean "a violation, misinterpretation or inequitable application by the Board of any of the provisions of this Agreement". Such broad and unambiguous language encompasses the death benefit provision of the agreement (see *Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011; *Matter of Corinth Cent. School Dist. [Corinth Teachers Assn.],* 77 AD2d 366, 368). Moreover, contrary to plaintiff's position, the proper filing of a notice of claim pursuant to section 3813 of the Education Law does not obviate the applicability of the grievance procedure (cf. *Hayden v Comsewogue Union Free School Dist. No. 3, Port Jefferson Sta.,* 55 NY2d 840). We also note that upon oral argument defendant conceded that plaintiff had standing to initiate the grievance procedure and that if she chose to do so, the claim of untimeliness would be deemed waived. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.