■ In the Matter of the Arbitration between JEFFERSON-LEWIS-HAMILTON-HERKIMER-ONEIDA BOCES, Appellant, and JLHHO BOCES PROFESSIONAL ASSOCIATION, Respondent. [631 NYS2d 962] —Order unanimously affirmed with costs. Memorandum: The parties entered into a collective bargaining agreement covering the period from July 1, 1991 through June 30, 1992 that required BOCES to contribute 100% of the health insurance premium for teachers who retired on or after July 1, 1991 with at least 15 years of service. Before 1991 BOCES had contributed 100% of the health insurance premium for retirees. During July 1992, after expiration of that agreement, BOCES determined that retired teachers and active teachers would be required to contribute by paying a 10% increase in the health insurance premium cost for the 1992-1993 school year, and notified those teachers who retired after July 1, 1991 that they would have to pay the 10% increase in premium. Respondent, JLHHO BOCES Professional Association (Association), filed a grievance, and the matter proceeded to arbitration. An interim determination found the issue arbitrable.

The parties entered into a successor agreement covering the period from July 1, 1992 through June 30, 1995 requiring teachers who retire after January 1, 1993 to pay the same health insurance premium as current employees. The successor agreement contains no provision regarding the payment of premiums by the 13 teachers who retired between July 1, 1991 and January 1, 1993. The Association filed a grievance, seeking

rescission of BOCES' policy that required those 13 retired teachers to pay a portion of their health insurance premium. The arbitrator determined that such policy violated the 1991-1992 agreement and issued an award directing BOCES to repay the amount contributed by those retired teachers. BOCES commenced this proceeding to vacate that award. Supreme Court dismissed the petition and confirmed the award.

On appeal, BOCES contends that the award violates public policy because it constitutes a retirement benefit that cannot be the subject of collective bargaining (see, Civil Service Law § 201 [4]). Although that contention may be raised for the first time on appeal (see, Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.], 44 NY2d 68, 72), we conclude that it lacks merit. The payment of a premium for health insurance for retired employees is not a retirement benefit within the meaning of Civil Service Law § 201 (4), and the obligation of a public employer to contribute to the payment of such premiums is a negotiable item in collective bargaining (see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., 48 NY2d 398, 406; Matter of Corinth Cent. School Dist. [Corinth Teachers Assn.], 77 AD2d 366; see also, Matter of Lippman v Board of Educ., 66 NY2d 313).

We reject the contention of BOCES that the arbitrator awarded a permanent health insurance benefit to the 13 teachers, thereby exceeding his authority. The award states only that, by requiring the 13 retired teachers to contribute toward the premium cost of their health insurance, BOCES violated the 1991-1992 agreement, and the award directs BOCES to repay those retirees. The arbitrator's statement that "this award [is] binding for the future", read in context, means only that BOCES cannot unilaterally alter its obligation to contribute 100% of the premium payment while the successor contract remains in effect. That decision is not wholly irrational, and, in reaching that decision, the arbitrator did not exceed his powers (see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578; Matter of Corinth Cent. School Dist. [Corinth Teachers Assn.], supra, at 368). (Appeal from Order of Supreme Court, Lewis County, Parker, J.—Arbitration.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.