first degree and that the evidence is legally insufficient to support the conviction of attempted rape (see, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19; *People v Salimi*, 159 AD2d 658, *lv denied* 76 NY2d 742). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We further conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Rape, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.

■ In the Matter of the Arbitration Between JEFFERSON-LEWIS-HAMILTON-HERKIMER-ONEIDA BOCES, Appellant, and JEFFERSON-LEWIS-HAMILTON-HERKIMER-ONEIDA BOCES PROFESSIONAL ASSOCIATION, LOCAL 2784, Respondent. [668 NYS2d 834] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the petition for a stay of arbitration. Petitioner contends that arbitration of the dispute is barred by public policy because the continued payment of 100% of the health insurance premiums of 13 retirees constitutes a retirement benefit and because continued payment until the obligation is rescinded or changed by future collective bargaining amounts to an impermissible perpetual obligation. Neither contention has merit (see, *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [JLHHO BOCES Professional Assn.]*, 219 AD2d 801, 802, *lv denied* 87 NY2d 812). Because the 1995-1996 agreement contains a broad arbitration clause, disputes arising thereunder are presumptively arbitrable, and issues concerning the scope of the agreement and the relationship of the retirees to respondent are matters for the arbitrator to decide (see, *Board of Educ. v Barni*, 49 NY2d 311; *City of Buffalo v A.F.S.C.M.E. Council 35, Local 264*, 107 AD2d 1049, 1050). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Arbitration.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.

■ JOSEPH P. OATES, Appellant, v CITY OF NIAGARA FALLS, Respondent. (Appeal No. 1.) [668 NYS2d 516] —Appeal unanimously dismissed without costs (see, *Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Niagara County, Koshian, J.—Notice of Claim.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.

■ JOSEPH P. OATES, Appellant, v CITY OF NIAGARA FALLS, Respondent. (Appeal No. 2.) [668 NYS2d 137] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly exercised its discretion in denying claimant's application for