[683 NYS2d 622]

MICHAEL DELLA ROCCO, JR., on Behalf of Himself and All Other Retired Schenectady Firefighters Similarly Situated, Respondent, v CITY OF SCHENECTADY, Appellant. (Action No. 1.)

MICHAEL T. ANDRIANO, on Behalf of Himself and All Other Retired Schenectady Police Officers Similarly Situated, Respondent, v CITY OF SCHENECTADY, Appellant. (Action No. 2.)

Third Department, December 30, 1998

## APPEARANCES OF COUNSEL

*Roemer, Wallens & Mineaux, L. L. P.,* Albany (*James W. Roemer, Jr.,* of counsel), for appellant.

*Grasso & Grasso,* Schenectady (*Jane K. Finin* of counsel), for respondents.

### OPINION OF THE COURT

WHITE, J.

These appeals arise from the commencement of two class actions; in the first, plaintiff and the class of retired City of Schenectady firefighters and, in the second, plaintiff and the class of retired City of Schenectady police officers. In both actions plaintiffs seek a declaration that defendant breached the terms of a collective bargaining agreement by its failure to provide members of the class with health insurance coverage to which they were entitled. This dispute has its origins in 1969 when the Schenectady Patrolmen's Benevolent Association (hereinafter PBA) and the City Fire Fighters Union (hereinafter CFU) each entered into labor relations contracts with defendant governing the terms and conditions of employment from January 1, 1969 to December 31, 1970. Each contract contained identical clauses which provided, *inter alia,* as follows: "[Defendant] at its own expense shall provide hospitalization and major medical insurance with coverage equivalent to the plan presently in effect for each member of the Department and his family, and for retired members and their families." Successive contracts were entered into by these parties from 1969 to 1989 containing similar language regarding health and hospitalization insurance.

In 1990 the coverage was changed to a plan which required increased copayments and it was this change which precipitated the present actions. Plaintiffs contend that defendant breached the collective bargaining agreement by altering the terms of the insurance under which members of the class had been covered, maintaining that when a member of the class retired the coverage to which that individual was entitled remained fixed in time and could not be changed. Plaintiffs moved for summary judgment and defendant opposed said motion and cross-moved for similar relief. Supreme Court dismissed defendant's affirmative defense, denied defendant's cross motion and granted plaintiffs' motion for summary judgment, relying on the plain language of the insurance clause, along with extrinsic evidence in the form of an affidavit by the attorney who represented the PBA and CFU in the original ne-

gotiations, and a 1971 arbitration decision which interpreted the insurance clause. Defendant appeals.

The issue we must resolve is whether, when defendant changed the health insurance coverage provided to current employees, it was contractually permitted to pass on such negotiated change to retirees. The key portion of the contract states that defendant would provide insurance coverage "equivalent to the plan presently in effect for each member of the Department and his family, and for retired members and their families". It is clear that on a motion for summary judgment involving a written contract, the court must determine the rights of the parties in accordance with the unambiguous provisions of the contract and give the words employed their plain meaning (*see, Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868; *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747). We find that the phrase in question means that the retiree is entitled to the same or equivalent coverage during his retirement as the coverage in effect at the time he retired. Further, there is extrinsic evidence to support this conclusion.

We first note that the contracts at issue had a duration of approximately one to two years and it is clear that once employees retire, they are no longer represented by the union and would not possess collective bargaining rights on their own (*see, Chemical Workers v Pittsburgh Glass*, 404 US 157, 172; *Myers v City of Schenectady*, 244 AD2d 845, *lv denied* 91 NY2d 812). Thus, since the retirees are not involved in subsequent negotiations, it is logical to assume that the bargaining unit intended to insulate retirees from losing important insurance rights during subsequent negotiations by using language in each and every contract which fixed their rights to coverage as of the time they retired. In addition, plaintiffs offer the affidavit of Frank Grasso, the longtime counsel for PBA and CFU, who was involved in negotiating the initial agreement where the language in question was first used. Grasso stated that it was the intent of the parties that the benefit level in effect at the time of the retirement of the members was to remain unchanged for the duration of the retiree's life after retirement.

In the recent case of *Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva* (92 NY2d 326) the Court of Appeals held that the City of Geneva had a right to reduce the level of health insurance benefits it had provided over a number of years to retired members of its police department. However, although the labor relationship between the City and the po-

lice department had been governed by collective bargaining agreements for many years, none of the agreements addressed the issue of health benefits for retirees, since these benefits were provided by a resolution of the City Council and not through the collective bargaining process. The instant case is readily distinguishable since here there is a continuum of collective bargaining contracts between defendant and plaintiffs dating from 1969, each containing identical clauses which provided for hospitalization and major medical coverage for retired members and their families. For these reasons, we affirm Supreme Court's order and judgment.

CARPINELLO, J. (dissenting). In my view, there is no contractual impediment to defendant changing the health insurance plan for retired police officers and firefighters as long as all retirees receive the same coverage as active employees. The clause at issue provides: "[Defendant] at its own expense shall provide hospitalization and major medical insurance with coverage equivalent to the plan presently in effect for each member of the Department and his family, and for retired members and their families." Notably, defendant has not terminated health insurance benefits to its retired employees nor discontinued paying the premiums for said coverage. Rather, the plans through which defendant currently provides health insurance for its active and retired employees now require increased deductibles and copayments to which plaintiffs object.

Contrary to the majority's interpretation of the contract provision at issue, I do not read it as evincing an intent to guarantee retired members' health benefits at the same level as those in effect at the time of retirement. Had the parties intended to fix the right to health coverage as of the retirees' respective retirement dates such that these rights would remain unchanged for the duration of their lives, they could have clearly stated such intention in the agreement. Rather, in my view, this provision requires defendant to provide retirees with health insurance coverage equivalent to that currently being provided to active employees.

The provision at issue in this case has been contained in collective bargaining agreements between the parties since 1969. In 1970, the interpretation of this provision was the subject of arbitration; the issue at that time was whether retirees should share in the cost of health insurance premiums, as they had prior to collective bargaining, or whether defendant was obligated to pay the full cost of such coverage. Interpreting the

phrase "[defendant] at its own expense", the arbitrator determined that defendant must bear the entire premium expense. Significantly, in its July 6, 1972 order confirming the award, Supreme Court (Aulisi, J.) required defendant to provide retired employees "health and hospital insurance of the same value and with the same coverage as [it] is presently providing to the active employees" (*Schenectady Patrolmen's Benevolent Assn. v City of Schenectady*, Sup Ct, Schenectady County, July 6, 1972, Aulisi, J.). The court did *not* order the same coverage as was in effect as of the date of each employee's retirement. As did Supreme Court in 1972, I read this provision as merely requiring defendant to provide the same health insurance coverage as it presently provides to its active employees.

I acknowledge that the provision clearly reflects an intent that retired employees continue to be provided with health insurance coverage during the entire term of their retirement. Nevertheless, at the very least, the provision at issue is ambiguous as to the level of benefits and a factual issue exists as to the parties' intent with respect to that issue; to wit, did the parties intend to set the benefit level at the time an employee retired such that it could never be modified and a retiree might indeed be conferred with benefits in excess of the those enjoyed by current employees or did the parties intend that a retiree's benefit level could fluctuate commensurate with those enjoyed by active employees? The former interpretation may require defendant to obtain an innumerable number of different health insurance plans to accommodate different classes of retirees.

On a motion for summary judgment based upon a written contract, the construction of an unambiguous provision is for the court to rule on and circumstances extrinsic to the agreement will not be considered (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162-163; *West, Weir & Bartel v Mary Carter Paint Co.*, 25 NY2d 535, 540). Where, however, interpretation of a contract provision is susceptible to at least two reasonable interpretations and the intent of the parties therefore must be gleaned from disputed evidence or inferences outside the written document, an issue of fact is presented (*see, Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291). I believe that, on this record, summary judgment in favor of plaintiffs was inappropriate and I would therefore reverse Supreme Court's order and judgment.

As a final point, I am also unconvinced that our decision in *Myers v City of Schenectady* (244 AD2d 845, *lv denied* 91 NY2d 812) mandates a contrary result. In that case, the collective bargaining agreement specifically identified the health insurance plan to be provided to retirees.

CARDONA, P. J., MERCURE and SPAIN, JJ., concur with WHITE, J.; CARPINELLO, J., dissents in a separate opinion.

Ordered that the order and judgment are affirmed, with costs.