■ In the Matter of the Arbitration between CITY OF ITHACA, Respondent, and ITHACA PAID FIRE FIGHTERS ASSOCIATION, IAFF, LOCAL 737, Appellant. [815 NYS2d 761]—

Spain, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered June 23, 2005 in Tompkins County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent, which represents two bargaining units of the Ithaca Fire Department, are parties to two collective bargaining agreements in effect between January 1, 2003 and December 31, 2005. As relevant here, the agreements provide health insurance coverage for employees and an option for retirees to obtain extended health insurance coverage at "the current benefit plan." In February 2005, respondent filed a grievance against petitioner charging it had violated the agreements when it unilaterally changed the retirees' health insurance coverage by increasing the retirees' copayment obligations and eliminating reimbursement to retirees for copayments under the health insurance plan.* Respondent claimed that petitioner was obligated to provide benefits to retirees at the "current benefit plan," which it interpreted as the plan available to them as employees prior to retirement.

Petitioner's Mayor denied the grievance, submitting that the phrase "current benefit plan" entitled retirees only to the

---

* These decreases in retiree benefits make them comparable to those offered to current employees.

benefits available under "the current plan, as it may change from time to time." After respondent filed a demand for arbitration, petitioner commenced this proceeding to stay arbitration (*see* CPLR 7503) contending that this dispute was not subject to the grievance procedure set forth in the agreements nor subject to arbitration on the premise that the retirees affected are not parties to the agreements or represented by respondent.

Supreme Court granted the petition finding that respondent lacked standing to raise this issue on behalf of retired firefighters, and that the retirees are not entitled to submit their dispute to an arbitrator because the agreements conferred no such right on retirees, who are not parties to them. On respondent's appeal, we find merit to its argument that petitioner agreed to arbitrate this dispute and, thus, that reversal of Supreme Court's order staying arbitration is warranted.

Eschewing arbitration presumptions, the Court of Appeals has adhered to the two-step threshold inquiry for determining arbitrability. First, the question is "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138, 142 [1999]; *Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1191-1192 [2003], *lv denied* 2 NY3d 708 [2004]). If there is no prohibition, the second inquiry is "whether the authority to arbitrate was in fact exercised and the parties consented by the terms of their particular agreement to refer disputes in this specific area to arbitration" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280 [2000]; *see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, *supra* at 278; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, *supra* at 138; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513 [1977]).

In arguing that the two-step inquiry is inapplicable and that it fails upon application, petitioner mistakenly focuses on various arguments regarding the retirees' status under the agreements and respondent's relationship to retirees, substantive matters which are beside the point in the circumscribed threshold arbitrability analysis. With regard to the first question, i.e., "may-they-do-so," there is no prohibition against arbitrating a dispute originating from the terms of a collective bargaining agreement concerning health insurance benefits for retirees, which are permitted albeit not mandatory subjects of collective

bargaining (*see* Civil Service Law § 201 [4]; § 203; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 138-139; *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn., Local 2784],* 247 AD2d 829 [1998]; *City of Buffalo v A.F.S.C.M.E. Council 35, Local 264,* 107 AD2d 1049 [1985]; *Matter of Corinth Cent. School Dist. [Corinth Teachers Assn.],* 77 AD2d 366, 367-368 [1980], *lv denied* 53 NY2d 602 [1981]; *see also Matter of City of Johnstown [Johnstown Police Benevolent Assn.], supra* at 278; *Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 402 n 1, 405 [1979]). This first inquiry focuses on the subject matter of the dispute, in this case the interpretation of language employed in the negotiated agreements conferring health insurance options upon retirees, and petitioner has not demonstrated that it would be unlawful under any statute, precedent or public policy to refer this grievance to arbitration (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 138-139; *Ledain v Town of Ontario,* 192 Misc 2d 247, 256-257 [2002], *affd on op below* 305 AD2d 1094 [2003]; *see also Matter of Committee of Interns & Residents [Dinkins],* 86 NY2d 478, 484 [1995]; *cf. Matter of Patrolmen's Benevolent Assn. of City of N.Y. v New York State Pub. Empl. Relations Bd.,* 6 NY3d 563, 573 [2006]; *Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, supra* at 280; *Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist.,* 21 AD3d 1134, 1134-1135 [2005] [statute limits benefits reduction for *school district retirees*]).

Turning to the second question, i.e., "did-they-agree-to-arbitrate" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.], supra* at 278), the agreements provide that "[i]n the event of a dispute between the parties to this Agreement involving the interpretation or application of *any* provision of this Agreement" (emphasis added), either party may request arbitration. Where, as here, the parties have agreed to a broad arbitration clause, the court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the [agreements] . . . . If there is, the court should rule the matter arbitrable, and the arbitrator will then make a more exacting interpretation of the precise scope of the substantive provisions of the [agreements], and whether the subject matter of the dispute fits within them" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132, 143 [1999], *supra* [citations omitted]; *see Matter of Vestal Cent.*

*School Dist. [Vestal Teachers Assn.],* 2 AD3d 1190, 1192 [2003], *supra*; *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn., Local 2784], supra* at 829; *cf. Matter of Odessa-Montour Cent. School Dist. [Odessa-Montour Teachers Assn.],* 271 AD2d 931, 932-933 [2000] [narrow grievance clause]). The issue invoked by respondent in its arbitration demand—the meaning of the health insurance option under "the current benefit plan"—bears such a reasonable relationship and, thus, the matter should have been determined to be arbitrable (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 143; *Matter of City of Johnstown [Johnstown Police Benevolent Assn.],* 99 NY2d 273, 279-280 [2002], *supra*; *cf. Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO],* 20 AD3d 859, 860 [2005]).

Contrary to petitioner's arguments, respondent is a party to the agreements, the dispute concerns the interpretation of language employed therein, and the broad grievance clause entitled respondent to pursue arbitration on behalf of retirees (*see Ledain v Town of Ontario, supra* at 255 n 5). There was "no exception in the [agreements] for grievances concerning retirement benefits" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.], supra* at 279-280) and the obligation to follow the grievance procedure was not predicated upon the status of the affected beneficiaries (as active employee or retiree) or the time when the events predicating the grievance occurred (*see Ledain v Town of Ontario, supra* at 255). The fact that retirees are not members of respondent or represented by it in collective bargaining negotiations (*see Della Rocco v City of Schenectady,* 252 AD2d 82, 84-85 [1998], *lvs dismissed* 93 NY2d 999, 1000 [1999]) is not determinative in a threshold arbitrability analysis (*see Ledain v Town of Ontario, supra* at 255-256; *City of Buffalo v A.F.S.C.M.E. Council 35, Local 264,* 107 AD2d 1049, 1050 [1985], *supra*). Rather, issues such as respondent's relationship to retired employees (*see id.; see also Matter of Spink [Williamson Faculty Assn.],* 267 AD2d 972 [1999]; *Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Profes-sional Assn., Local 2784],* 247 AD2d 829 [1998], *supra*), whether retirees are covered by the grievance procedure (*see City of Buf-falo v A.F.S.C.M.E. Council 35, Local 264, supra* at 1050) and whether the clauses of the contract support the grievance are matters which concern the precise scope of the substantive contractual provisions and, as such, are for the arbitrator (*see Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.], supra*

at 1193; *see also Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], supra* at 142-144; *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni,* 49 NY2d 311, 314 [1980]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.