■ In the Matter of the Arbitration between City of Niagara Falls, Appellant, and Niagara Falls Police Club, Inc., Respondent. [860 NYS2d 372]—

Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 23, 2007 in a proceeding pursuant to CPLR article 75. The order and judgment denied the petition for a stay of arbitration.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the petition seeking a stay of arbitration. Contrary to petitioner's contention, the parties' dispute over healthcare benefits for retired police officers is properly the subject of arbitration based on the terms of the parties' collective bargaining agreement (CBA) (*see generally Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1132 [2006]). Pursuant to the CBA, there is a grievance procedure for any dispute that arises "concerning the interpretation or application of the terms of this contract or of the rights claimed to exist, hereunder," and the CBA further provides that, in the event that there is not a satisfactory resolution of a grievance, "either party may seek resolution by arbitration." The CBA expressly refers to retirement benefits in defining the term grievance, and the grievance procedure set forth in the CBA is "not predicated upon the status of the affected beneficiaries (as active employee or retiree)" (*City of Ithaca*, 29 AD3d at 1132; *see Ledain v Town of Ontario*, 192 Misc 2d 247, 252-253 [2002], *affd* 305 AD2d 1094 [2003]; *see also Matter of Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES [Jefferson-Lewis-Hamilton-Herkimer-Oneida BOCES Professional Assn., Local 2784]*, 247 AD2d 829 [1998]; *City of Buffalo v A.F.S.C.M.E. Council 35, Local 264*, 107 AD2d 1049). We thus conclude that respondent is entitled to pursue arbitration on behalf of the retirees. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.