■ In the Matter of the Arbitration between CITY OF BINGHAMTON, Appellant, and BINGHAMTON POLICE BENEVOLENT ASSOCIATION, INC., Respondent. [918 NYS2d 904]—

Kavanagh, J.

Respondent is the representative for all members of the City of Binghamton Police Department and, in that capacity, is party with petitioner to a collective bargaining agreement (hereinafter CBA). In April 2006, petitioner's police chief instituted new rules with regard to the use of sick leave. In July 2009, a police

officer represented by respondent was counseled about an alleged pattern of suspected sick leave abuse and was ordered to provide doctor's notes for all future sick leave absences. Shortly thereafter, the officer was again absent on sick leave and, failing to submit a doctor's note, was recommended for a two-day suspension without pay. In response, respondent filed a grievance, claiming a violation of the CBA and a departure from past practices. After the grievance was denied by both the police chief and a representative of the mayor, respondent filed a demand for arbitration. Petitioner then commenced this CPLR article 75 proceeding to stay arbitration and Supreme Court denied the petition. Petitioner appeals and we now affirm.

The sole question before this Court is whether the parties to the CBA agreed to refer disputes in this specific area to arbitration (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1131-1132 [2006]). To answer that question, the court "should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *see Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1240-1241 [2010]). Here, through the grievance procedure and its demand for arbitration, respondent alleged that formal counseling and the restriction placed on the officer's use of sick leave constituted violations of section 10(A), pertaining to sick leave, and section 18(A), pertaining to discharge and discipline, of the CBA. In light of the parties' broad agreement to arbitrate "[a]ny grievance or dispute which may arise between the parties involving the application, meaning, or interpretation of this [a]greement," we find that the subject matter of the dispute bears a reasonable relationship to the articulated contract provisions and, therefore, it is for an arbitrator to decide in the first instance whether the precise scope of those provisions covers the issues presently disputed (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 279-280 [2002]; *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d at 143; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d at 1131-1132).

We have examined petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.