# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**111**

**CA 11-01623**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOHN MARIANO, AS PRESIDENT
OF ORCHARD PARK POLICE BENEVOLENT
ASSOCIATION, INC., AND ORCHARD PARK POLICE
BENEVOLENT ASSOCIATION, INC.,
PETITIONERS-RESPONDENTS,                                    MEMORANDUM AND ORDER

                          V

TOWN OF ORCHARD PARK, RESPONDENT-APPELLANT.

---

GOLDBERG SEGALLA, LLP, BUFFALO (JULIE P. APTER OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LAW OFFICE OF WILLIAM E. GRANDE, KENMORE (WILLIAM E. GRANDE OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered April 1, 2011 in a proceeding pursuant to CPLR
article 75. The order, insofar as appealed from, denied the cross
motion of respondent for a stay of arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: This dispute concerns health insurance coverage in a
collective bargaining agreement (CBA) between the parties. Although
the current CBA covers the period between January 1, 2007 and December
31, 2010, petitioners commenced this proceeding on behalf of the
affected retired members, all of whom retired prior to January 1, 2007
and who are therefore governed under the parties' previous CBA,
covering the period between January 1, 2004 and December 31, 2006.
The issue before us is whether respondent's change to health care
coverage for retired police officers is subject to arbitration of the
grievance. Petitioners filed a grievance on behalf of the affected
retired members pursuant to the CBA protesting the change in coverage,
and they sought to enjoin respondent from changing the coverage
pending the result of the grievance process. Respondent contended
that the retired members were no longer members of petitioner Orchard
Park Police Benevolent Association, Inc. (PBA) and thus had no right
to file a grievance or to seek arbitration with respondent. Supreme
Court denied respondent's cross motion to stay arbitration and granted
petitioners' cross motion to compel it. We affirm.

In determining whether a claim is arbitrable in the public

sector, courts must conduct a two-step inquiry (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138).  First, a court must determine " 'whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79).  Second, if there is no such prohibition against arbitrating the grievance at issue, then a court must determine " 'whether such authority was in fact exercised and whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration' " (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 138).

Here, there is no question that the first part of the inquiry was satisfied (*see Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1131).  With respect to the second part of the inquiry, the fact that the retirees are not members of the PBA or represented by it in collective bargaining negotiations is not determinative in a threshold arbitrability analysis (*see Ledain v Town of Ontario*, 192 Misc 2d 247, 254-256, *affd for the reasons stated* 305 AD2d 1094; *Della Rocco v City of Schenectady*, 252 AD2d 82, 84-85, *lv dismissed* 93 NY2d 1000).  Rather, issues concerning the PBA's relationship to retired employees, issues concerning whether retirees are covered by the grievance procedure, and issues concerning whether the clauses of the contract support the grievance are matters involving the scope of the substantive contractual provisions and, as such, are for the arbitrator (*see Matter of Vestal Cent. School Dist. [Vestal Teachers Assn.]*, 2 AD3d 1190, 1192, *lv denied* 2 NY3d 708).  We note in addition that New York's public policy encourages arbitration of labor disputes involving public employees (*see Matter of Board of Educ. of W. Irondequoit Cent. School Dist. v West Irondequoit Teachers Assn.*, 55 AD2d 1037, 1038).  We thus conclude that the court did not err in granting petitioners' cross motion to compel arbitration.  We have considered the remaining contentions of respondent and conclude that they are without merit.

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court