# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1261**

**CA 13-00792**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN VILLAGE
OF KENMORE, PETITIONER-RESPONDENT,

                AND                            MEMORANDUM AND ORDER

KENMORE CLUB POLICE BENEVOLENT ASSOCIATION,
RESPONDENT-APPELLANT.

---

THE SAMMARCO LAW FIRM, LLP, BUFFALO (ANDREA L. SAMMARCO OF COUNSEL),
FOR RESPONDENT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, BUFFALO (MARK A. MOLDENHAUER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

-------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered August 7, 2012 in a proceeding pursuant to CPLR
article 75.  The order granted the petition for a permanent stay of
arbitration and denied the cross motion of respondent for an order
compelling arbitration.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is denied
and the cross motion is granted.

     Memorandum:  This dispute concerns health insurance coverage in a
collective bargaining agreement (CBA) between the parties, and the
issue before us is whether petitioner must submit to arbitration.
Respondent filed a grievance pursuant to the CBA on behalf of a
retired police officer and all other qualified retirees protesting
petitioner's refusal to continue providing health insurance coverage
for retirees who seek a change of permanent residence outside the
geographic area covered by respondent's current health insurance plan.
After the parties failed to resolve their dispute through the step-by-
step grievance procedure set forth in the CBA, respondent sought
arbitration of the dispute pursuant to the final step of the grievance
procedure.  Petitioner commenced this proceeding seeking a permanent
stay of arbitration (*see* CPLR 7503 [b]).  According to petitioner, the
retirees are not "employees" pursuant to the CBA and thus have no
standing to file a grievance or to seek arbitration.  Respondent
cross-moved for an order compelling arbitration.  Supreme Court
granted the petition and denied respondent's cross motion.  We now
reverse, deny the petition, and grant respondent's cross motion.

     In determining whether an issue is subject to arbitration under a

CBA, a court must apply the two-step analysis set forth in *Matter of Acting Supt. of Schools of Liverpool Cent. Sch. Dist. (United Liverpool Faculty Assn.)* (see 42 NY2d 509, 513).  "First, a court must determine whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233 [internal quotation marks omitted]).  "If the court determines that there is no such prohibition and thus that the parties have the authority to arbitrate the grievance, it proceeds to the second step, in which it must determine whether that authority was in fact exercised, i.e., whether the CBA demonstrates that the parties agreed to refer this type of dispute to arbitration" (*Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.]*, 110 AD3d 1494, 1495; *see Acting Supt. of Schools of Liverpool Cent. Sch. Dist.*, 42 NY2d at 513).

Here, it is undisputed that there is no prohibition against arbitration, thus satisfying the first step (*see Mariano*, 92 AD3d at 1233; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1131; *see generally Matter of City of Niagara Falls [Niagara Falls Police Club Inc.]*, 52 AD3d 1327, 1327).  With respect to the second step, we conclude that the parties in fact exercised their authority to arbitrate their grievance.  Although the CBA defines a grievance as "a complaint by an employee or employees in the bargaining unit or by the [PBA] in his (or their) behalf" and further provides that "[a]n employee in the negotiating unit shall have the right to present grievances," we note that "issues concerning [respondent's] relationship to retired employees, issues concerning whether retirees are covered by the grievance procedure, and issues concerning whether the clauses of the [CBA] support the grievance are matters involving the scope of the substantive contractual provisions and, as such, are for the arbitrator" (*Mariano*, 92 AD3d at 1233-1234).

We note that our decision herein is distinguishable from our decision in *Matter of DeRosa v Dyster* (90 AD3d 1470) inasmuch as the procedural postures differ.  In *DeRosa*, the petitioner sought relief by means of CPLR article 78.  Here, petitioner seeks relief under CPLR article 75.

Finally, we note that the issue whether the retired employees are "employees in the bargaining unit" is a threshold issue for the arbitrator to determine (*see Matter of Spink [Williamson Faculty Assn.]*, 267 AD2d 972, 972).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court