# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**418**

**CA 13-01512**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

NON-INSTRUCTION ADMINISTRATORS AND SUPERVISORS
RETIREES ASSOCIATION, BY ITS PRESIDENT, JOHN H.
TATTERSALL, JOHN H. TATTERSALL, INDIVIDUALLY,
BARBARA JOYCE, LAWRENCE BEYER, MARIE MAYNARD,
NICHOLAS MARCHELOS, ROBERT HUGHES, NEIL MORT,
JOSEPH LEO, JAMES INGRASCI, MARY RUTH BARBER,
ROSEMARY BETTINO, ERNEST DELABIO, VINCENT FASSO,
ANTHONY GIOANNINI, DAVID SUNDERLIN, MICHAEL
AIDAK, GAIL STECK, AND BRIAN O'DONNELL,
PLAINTIFFS-APPELLANTS,

                    V                                    MEMORANDUM AND ORDER

SCHOOL DISTRICT OF CITY OF NIAGARA FALLS,
DEFENDANT-RESPONDENT.

---

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Niagara County (Richard C. Kloch, Sr., A.J.), entered November 9,
2012. The judgment granted the motion of defendant to dismiss the
complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying that part of defendant's
motion to dismiss the declaratory judgment cause of action,
reinstating that cause of action and granting judgment in favor of
defendant as follows:

> It is ADJUDGED AND DECLARED that the individual
> plaintiffs are not entitled to the health insurance coverage
> provided in the collective bargaining agreement in effect at
> the time each individual plaintiff retired,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs, 18 retired employees of defendant School
District of City of Niagara Falls (District), and their retirees
association commenced this breach of contract/declaratory judgment
action seeking, inter alia, a declaration that the individual

plaintiffs are entitled to the health insurance benefits provided in the collective bargaining agreement (CBA) in effect at the time each individual plaintiff retired.  Supreme Court granted the District's motion to dismiss the complaint, and plaintiffs appeal.  We note at the outset that, although the court properly determined that plaintiffs were not entitled to judgment in their favor, the court erred in dismissing the declaratory judgment cause of action rather than declaring the rights of the parties (*see Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047; *see also Teague v Automobile Ins. Co. of Hartford, Conn.*, 71 AD3d 1584, 1586; *Ward v County of Allegany*, 34 AD3d 1288, 1289).  We therefore modify the judgment by denying that part of the District's motion to dismiss the declaratory judgment cause of action, reinstating that cause of action, granting judgment in favor of the District, and declaring that the individual plaintiffs are not entitled to the health insurance coverage provided in the CBA in effect at the time each individual plaintiff retired.

It is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569).  "Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278; *see Greenfield*, 98 NY2d at 569).  Further, " 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163).  Where, however, contract language "is 'reasonably susceptible of more than one interpretation,' . . . extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (*Fernandez v Price*, 63 AD3d 672, 675, quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 572-573).

Here, we agree with the District that the language in the CBAs at issue is clear and unambiguous, and thus that extrinsic evidence may not be considered (*see South Rd. Assoc.*, 4 NY3d at 278).  Each of the subject CBAs provides that the District "shall assume the full cost of health insurance coverage and major medical . . . for each employee in the negotiating unit covered by this Agreement lawfully retiring in the future."  The CBAs further state that "[t]he coverage so provided *shall be the same type that the employee would have had if he/she had continued employment*.  When the retiree reaches his/her sixty-fifth (65th) birthday and qualifies for Medicare . . . , the type of health insurance and major medical coverage shall be changed to cover his/her new circumstances" (emphasis added).

Contrary to the contention of plaintiffs, we conclude that the plain meaning of that provision is that, upon retirement, a retiree will receive health insurance coverage of the same type received by active employees at that point in time.  Thus, if health insurance for active employees changes over the years based on rising health care costs and successive collective bargaining agreements, the health

insurance provided to retirees also will change because the health insurance of the retirees would be subject to the same changes if they had continued employment. Plaintiffs' proffered interpretation of the disputed provision—that retirees are "entitled to the benefits they received *at the time they each retired*" (emphasis added)—contravenes the plain meaning of the contractual language. Rather than fixing retiree coverage as of the date of retirement, the use of the word "would," a conditional verb indicating the consequence of an imagined or theoretical event or situation (*see* www.oxforddictionaries.com), expressly contemplates that the coverage provided to retirees will mirror the coverage provided to active employees. A retiree is therefore entitled to the type of health insurance that he or she would have had if the retiree had never left the District's employ, i.e., the health insurance coverage negotiated by the active employees and the District at any given point in time (*cf. Kolbe v Tibbetts*, 22 NY3d 344, 353; *Della Rocco v City of Schenectady*, 252 AD2d 82, 83-84, *lv dismissed* 93 NY2d 1000).

Plaintiffs concede that the individual plaintiffs receive the same health insurance coverage as active employees. Inasmuch as the individual plaintiffs are receiving the health care benefits to which they are contractually entitled, we conclude that the court properly dismissed the breach of contract cause of action (*see* CPLR 3211 [a] [7]; *cf. Della Rocco*, 252 AD2d at 84-85).

Entered:  June 13, 2014                              Frances E. Cafarell
                                                     Clerk of the Court