# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**336**
**CA 13-02231**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

RALPH GUERRUCCI, ON BEHALF OF HIMSELF AND ALL
OTHER PERSONS SIMILARLY SITUATED,
PLAINTIFFS-APPELLANTS,

                    V                                    MEMORANDUM AND ORDER

SCHOOL DISTRICT OF CITY OF NIAGARA FALLS,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

JAMES C. ROSCETTI, NIAGARA FALLS, FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 24, 2013. The judgment denied the motion of plaintiffs for partial summary judgment on liability and granted the cross motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the amended complaint is reinstated, judgment is granted in favor of plaintiffs as follows:

> It is ADJUDGED and DECLARED that the individual plaintiffs are entitled to the health insurance coverage provided in the collective bargaining agreement in effect at the time each individual plaintiff retired, and

> It is further ADJUDGED and DECLARED that those individual plaintiffs eligible for conversion of health insurance coverage "supplemental to Medicare" are entitled to such coverage that, when combined with Medicare, equals the health insurance benefits prior to such conversion,

and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: In appeal No. 1, plaintiffs, 31 retired administrators who were employed by defendant and their retiree association, commenced this breach of contract/declaratory judgment action seeking, inter alia, a declaration that the individual plaintiffs are entitled to the health insurance benefits provided in the collective bargaining agreement (CBA) in effect at the time each individual plaintiff retired.

Supreme Court denied plaintiffs' motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the amended complaint, and plaintiffs appeal. In appeal No. 2, plaintiffs appeal from an order that denied their motion seeking relief from the judgment in appeal No. 1 pursuant to CPLR 5015 (a).

In appeal No. 1, the parties do not dispute that the language at issue in the various CBAs is unambiguous and, at oral argument, defendant conceded that this case is controlled by *Kolbe v Tibbetts* (22 NY3d 344). The 1984-1987 and 1987-1990 CBAs provided that "[a]ny administrator who retires . . . shall continue to receive the Blue Cross/Blue Shield coverage in effect at the time of his or her retirement, excluding dental coverage and major medical insurance, until the administrator becomes eligible for Medicare, at which time the Board [of Education] shall no longer provide such coverage." Similarly, the 1990-1994 CBA provided that "[a]ny administrator who retires . . . shall continue to receive the Blue Shield coverage in effect at the time of his or her retirement, excluding dental, vision and major medical coverage, until the administrator becomes eligible for Medicare, at which time the Board [of Education] shall no longer provide such coverage," except for those retirees entitled to conversion of that coverage to coverage that is "supplemental to Medicare." Finally, the 1994-1997 and later CBAs provide that "[a]ny administrator who retires . . . shall continue to receive medical coverage in effect at the time of his or her retirement, excluding dental, vision and major medical coverage, until the administrator becomes eligible for Medicare, at which time the Board [of Education] shall no longer provide such coverage," except for those entitled to conversion of that coverage to coverage that is "supplemental to Medicare."

In appeal No.1, we agree with plaintiffs that the plain meaning of the provisions at issue in the CBAs is that, upon retirement, a retiree will receive the health insurance coverage that the retiree was receiving prior to retirement, until the retiree becomes eligible for Medicare (*see id.* at 353; *Della Rocco v City of Schenectady*, 252 AD2d 82, 84, *lv dismissed* 93 NY2d 1000).

Also with respect to appeal No. 1, we note that the CBAs provided that, when certain retirees "reache[d] his or her sixty-fifth (65th) birthday and qualifie[d] for medical insurance under Social Security, the coverage shall be changed to that which is supplemental to Medicare." We agree with plaintiffs that the supplemental coverage provided for in the CBAs required that defendant provide health insurance coverage that, when combined with Medicare, equaled the health insurance benefits that the retirees enjoyed prior to qualifying for Medicare. In interpreting a CBA, "it is logical to assume that the bargaining unit intended to insulate retirees from losing important insurance rights during subsequent negotiations by using language in each and every contract which fixed their rights to coverage as of the time they retired" (*Della Rocco*, 252 AD2d at 84). Additionally, this interpretation of the CBAs "give[s] fair meaning to all of the language employed by the parties to reach a practical

interpretation of the expressions of the parties so that their reasonable expectations will be realized . . . [and does] not . . . leave one of its provisions substantially without force or effect" (*Petracca v Petracca*, 302 AD2d 576, 577).  In view of our determination that the CBAs prevented defendant from reducing the retirees' health insurance benefits during retirement and that the intent of the CBAs was to "fix[ the retirees'] rights to coverage as of the time they retired" (*Della Rocco*, 252 AD2d at 84), we conclude that the provision for "coverage . . . which is supplemental to Medicare" means coverage that when combined with Medicare is equivalent to the health insurance coverage that the retirees enjoyed prior to becoming eligible for Medicare.  Contrary to the court's determination, an interpretation of that provision to mean any coverage that defendant chooses to provide would defeat the reasonable expectations of the parties and render the "provision[] substantially without force or effect" (*Petracca*, 302 AD2d at 577).  Plaintiffs thus are entitled to declarations in their favor in accordance with our decision.  In addition, we remit the matter to Supreme Court for further proceedings in accordance with the relief sought in the second cause of action.

In light of our determination in appeal No. 1, we dismiss as moot the appeal from the order in appeal No. 2.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court