■ In the Matter of the Arbitration between ONONDAGA-CORTLAND-MADISON BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Appellant, and ONONDAGA-CORTLAND-MADISON BOCES FEDERATION OF TEACHERS et al., Respondents. [24 NYS3d 810]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 19, 2014. The order denied the petition to stay arbitration and granted the cross application to compel arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration. Respondents are labor organizations that represent separate groups of employees, and they filed grievances alleging that petitioner violated a certain provision of each collective bargaining agreement (CBA) by changing the prescription copay benefit for retirees. Supreme Court denied the petition and granted the cross application of respondents to compel arbitration. We affirm.

It is well settled that the court must conduct a two-part analysis in determining whether an issue is subject to arbitration pursuant to a CBA. First, the court must determine "whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233 [2012] [internal quotation marks omitted]). Second, the court must determine "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). Petitioner correctly concedes that only the second part of the analysis is at issue here.

We reject petitioner's contention that the matter is not arbitrable because the CBA provisions apply only to the employees, and not to retirees, and thus that there is no reasonable relationship between the copay benefit for retirees and the general subject matter of the respective CBAs. "Rather, issues concerning [respondents' respective] relationship[s] to retired employees, issues concerning whether retirees are covered by the grievance procedure, and issues concerning whether the clauses of the contract[s] support the grievance are matters involving the scope of the substantive contractual provisions and, as such, are for the arbitrator" (*Mariano*, 92 AD3d at 1233-1234; *see Matter of Village of Kenmore [Kenmore Club Police Benevolent Assn.]*, 114 AD3d 1185, 1186 [2014], *lv denied* 23 NY3d 903 [2014]). Present—Smith, J.P., Peradotto, Lindley, DeJoseph and Scudder, JJ.