# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**20**
**CA 15-00816**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN
ONONDAGA-CORTLAND-MADISON BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, PETITIONER-APPELLANT,

AND                                                              MEMORANDUM AND ORDER

ONONDAGA-CORTLAND-MADISON BOCES FEDERATION OF
TEACHERS, ET AL., RESPONDENTS-RESPONDENTS.

---

FERRARA FIORENZA P.C., EAST SYRACUSE (CRAIG M. ATLAS OF COUNSEL), FOR
PETITIONER-APPELLANT.

RICHARD E. CASAGRANDE, LATHAM (MATTHEW E. BERGERON OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered August 19, 2014. The order denied the
petition to stay arbitration and granted the cross application to
compel arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to
CPLR article 75 seeking a permanent stay of arbitration. Respondents
are labor organizations that represent separate groups of employees,
and they filed grievances alleging that petitioner violated a certain
provision of each collective bargaining agreement (CBA) by changing
the prescription copay benefit for retirees. Supreme Court denied the
petition and granted the cross application of respondents to compel
arbitration. We affirm.

It is well settled that the court must conduct a two-part
analysis in determining whether an issue is subject to arbitration
pursuant to a CBA. First, the court must determine "whether there is
any statutory, constitutional or public policy prohibition against
arbitration of the grievance" (*Matter of Mariano v Town of Orchard
Park*, 92 AD3d 1232, 1233 [internal quotation marks omitted]). Second,
the court must determine "whether there is a reasonable relationship
between the subject matter of the dispute and the general subject
matter of the CBA" (*Matter of Board of Educ. of Watertown City Sch.
Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143). Petitioner
correctly concedes that only the second part of the analysis is at
issue here.

     We reject petitioner's contention that the matter is not
arbitrable because the CBA provisions apply only to the employees, and
not to retirees, and thus that there is no reasonable relationship
between the copay benefit for retirees and the general subject matter
of the respective CBAs.  "Rather, issues concerning [respondents'
respective] relationship[s] to retired employees, issues concerning
whether retirees are covered by the grievance procedure, and issues
concerning whether the clauses of the contract[s] support the
grievance are matters involving the scope of the substantive
contractual provisions and, as such, are for the arbitrator" (*Mariano*,
92 AD3d at 1233-1234; *see Matter of Village of Kenmore [Kenmore Club
Police Benevolent Assn.]*, 114 AD3d 1185, 1186, *lv denied* 23 NY3d 903).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court